Filed January 28, 1896.

---

No. 17.370.

ATKINSON . v. WABASH RAILROAD COMPANY.

APPELLATE PROCEDURE.—*Single Exception to Sustaining Motion to Strike Out Portions of Each of Several Paragraphs of Complaint.*— A single exception to the sustaining of a motion to strike out specified portions of each of several paragraphs of a complaint presents a question as to the correctness of the ruling as to each portion, notwithstanding some of them were properly stricken out.

PLEADING.—*Complaint.—Motion to Strike Out.—Damages.*—The portion of a complaint which claims damages from a carrier for the

| 143 | 501 |
| 143 | 171 |
| 143 | 501 |
| 148 | 202 |
| 143 | 501 |
| 157 | 137 |
| 143 | 501 |
| 164 | 222 |
| 164 | 226 |

loss of benefit from the employment of trainers to train and take care of horses, because the horses were rendered unfit to be trained owing to exposure during shipment, is properly stricken out on motion, as the loss alleged does not constitute an element of damages.

SAME.—*Materiality of Averments.*—The test of the materiality of averments in a pleading on a motion to strike out is whether they tend to constitute a cause of action or defense.

From the Miami Circuit Court.

*Antrim & Tillett* and *H. C. Pettit*, for appellant.

*Stuart Bros. & Hammond* and *R. P. Effinger*, for appellee.

JORDAN, J.—Action by appellant against the appellee to recover damages in the sum of ten thousand dollars, arising out of the alleged negligence of the latter in the shipment of certain fine blooded horses from Wabash to LaPorte, Indiana.

The only question properly presented by appellant for our consideration is that based upon the action of the court in sustaining a motion to strike out certain portions of the amended complaint. The complaint is in two paragraphs, which, so far as our observation goes, with possibly a slight variation, are substantially alike. The second paragraph, omitting the part wherein it is alleged that the defendant is a corporation and a common carrier for hire, etc., is as follows:

"That on the 12th day of April, 1892, and for six months thereafter, and ever since, plaintiff has been the owner of ten animals of the horse kind, of blooded pedigree, and on said day of the value of ten thousand dollars, and at the time of the happening of the grievance hereinafter complained of, in sound and perfect condition of health, and free from defect and disease; that during the month of April, 1892, and for a long time prior thereto, defendant was operating a train, scheduled

and advertised to the public desiring to ship goods and horses from Wabash, Indiana, by Peru to LaPorte, Indiana, to leave Wabash daily at 5 A. M. and to arrive at LaPorte daily at 4 P. M.; that said animals were young and tender for racing purposes, and accustomed to the best of care, shelter, and food, and susceptible to cold and unable to withstand rough usage or exposure to inclement or wintry weather; that defendant on said day had full knowledge of said matters ; that the usual and ordinary time for shipment of goods by said route from Wabash to LaPorte requires ten hours and no more, as per defendant's schedule.

"Plaintiff says that on said day defendant agreed with plaintiff, in consideration of the sum of thirty-one dollars then asked by defendant and paid by plaintiff as tariff in full for said services, to safely ship and transport said animals for plaintiff without delay, from said Wabash to LaPorte, and there deliver them to him in good condition; that plaintiff executed said contract by and in the name of 'L. L. Daugherty'; that a copy of said contract marked 'A' is filed herewith and made a part hereof; that besides and in addition to said horses there were three colts, which plaintiff desired to ship from said Wabash to said LaPorte with said horses, and defendant permitted plaintiff to ship said colts in the same car with said horses without extra charge; that plaintiff did ship said colts in the same car with said horses and they were safely delivered at LaPorte without damage from said shipment or exposure, or any other cause; that in pursuance to said contract, plaintiff delivered said ten animals to defendant in a good and sound condition of health, at 10 P. M. of April 12, 1892, for such shipment; that defendant operated his train on schedule time on the 13th and 14th days of April, 1892, and had at all times on said days the means

and ability to transport said animals to said LaPorte within twelve hours after 5 A. M., April 13, 1892, and could and should, and it was his duty to have done so, and there was nothing to prevent the same being done. But plaintiff avers that said defendant with full knowledge and ability so to do, and with a knowledge of the premises, carelessly and negligently failed, omitted, forgot, and refused to take said animals and said car so loaded and ready for shipment, and standing upon defendant's side track at said Wabash at 5 A. M. of said April 13th, and with full knowledge that the same was waiting, but operated its said train through and from said Wabash to LaPorte, departing and arriving on its scheduled time; that said animals were so loaded for shipment at the instruction of defendant, and from the time of said loading until they were unloaded at LaPorte, as hereinafter set out, they were under the control and management of defendant; that said loading for shipment was completed at 10 A. M. of April 12, 1892, and said car delivered by plaintiff and accepted by defendant in pursuance of said contract at said time; that defendant failed and refused to comply with his part of the contract in this, to-wit: That without cause, and having then and there a train and facilities for shipping said car so that the same could and should have been in LaPorte by 2 P M. of April 13th, said defendant negligently, carelessly and wrongfully failed, refused, permitted and caused said car and animals to remain *en route* for the term of time of forty-eight hours, and did not get said car to LaPorte until 6 P. M. of April 14th; *that from the time of first loading said animals, until midnight of April 13th, the weather was warm and pleasant, and during remainder of said time, it became cold, stormy and wet, and rain, snow, sleet and hail fell in large quantities, and the atmosphere became*

*very cutting and bitterly cold, and strong winds pre-vailed, by reason whereof, and by reason of the said negligence,unnecessary delay, fault and carelessness of defendant as aforesaid, wholly and without fault, want of care or negligence on the part of plaintiff whatso-ever, during the operation of said contract and while wholly in defendant's care, said animals were exposed and caught cold and became sickly and diseased, and as a result thereof immediately became, and have ever since remained injured, damaged, valueless and worth-less in the market, and their health permanently injured and destroyed, a more specific statement of which sick-ness plaintiff cannot give for want of knowledge; that during said time, under instructions of defendant, plaintiff was compelled to, and did unload said animals in said storm;* that after the departure of said train at 5 A. M., April 13, 1892, defendant notified plaintiff that it would not take out said car and animals until that hour of the 14th, and plaintiff was compelled to, and did, unload and distribute said animals about and boarded them in stables in Wabash, and to reload them at night, for which he was compelled to, and did, pay the sum of fifty dollars; that plaintiff could not return said animals to his own stables or leave them in Wabash, or in said car at LaPorte without more danger and equal exposure than that of making said shipment; that said defendant permitted and compelled said car and animals to remain unnecessarily and without cause *en route* for the term of thirty-six hours, during all of which time said animals were in its charge exclusively; that the said consideration paid to defendant by plaintiff was the full tariff rate demanded by defendant of plaintiff for said services of shipping, and defendant made no inquiry as to the values of any of said animals, and made no statement and gave no

knowledge whatever to plaintiff that said thirty-one dollars was a reduced rate; that said thirty-one dollars was not a reduced rate, but was the usual and full charge for shipping ten horses from Wabash to LaPorte on defendant's schedule.

"Plaintiff says that he has done and performed all of the things required of him to be performed by said contract, except as waived by defendant as hereinafter stated, * *and that by reason of the said negligence, carelessness, and wrong of defendant, said animals contracted said sickness and disease while in the custody and in charge of defendant. He further says that at the time of said shipment, each of said animals had just become old enough to train, and prior thereto, plaintiff had contracted with a trainer and three men to take care of and train said animals, and he was compelled to, and did keep said men employed at an expense of two hundred dollars per month, for four months for said purpose; that said animals when so becoming diseased, instead of improving, became steadily worse, and were wholly unfit to train, and were rendered worthless in the market, and that plaintiff lost all of his said expenses, by reason whereof he was damaged in the sum of one thousand dollars;* that all of the matters and things complained of herein occurred without the fault, want of care, or negligence of plaintiff whatsoever; *that plaintiff by reason of said sickness of said animals was compelled to, and did employ veterinaries to treat them, and purchased a large amount of medicine for them, whereby for said purposes he was compelled to, and did expend and become indebted in the sum of five hundred dollars for the care and keeping of said horses.*" Here follow the further averments to the effect that the animals, in question, became sick and diseased immediately upon said exposure, but that

the fact was not manifest to plaintiff prior to April 20, 1892 ; that as soon as he became aware of said disease and sickness he notified defendant, etc., and it is alleged by reason of the matters and things set out, he has been damaged in the sum of ten thousand dollars, and judgment is demanded for that sum.

Appellee filed its motion to strike out so much of each paragraph, as was specified in the motion, upon the ground that such matter related to "injuries to the said horses occasioned by exposure to cold, sleet, snow and rain due to the sudden change of the weather, and that said injuries were not the proximate result of defendant's alleged delay in shipping said horses." This motion, the court over appellant's exception, sustained, and struck out of each of the paragraphs virtually the same words and averments.    The parts struck out of the second paragraph are shown by the words in *italics*. After the suppression of these portions of the complaint by the court, appellee filed its answer in denial, and the cause was submitted to the court for trial, and there was a finding in favor of appellant in the sum of fifty dollars, and over his motion for a new trial, judgment was rendered for that amount.    The evidence is not in the record.

Appellee contends that this appeal presents no question for the consideration of this court, for the reason, as stated by its learned counsel, that the motion to strike out was addressed to several parts of each paragraph of the complaint, and as the exception was taken to the ruling as a whole, they say and insist that conceding there was error in suppressing portions thereof, the motion was nevertheless properly sustained as to other parts of the pleading, and as the exception of appellant to the court's ruling applied to these as well as to the others, it was, therefore, a joint exception to

the whole ruling, and not separate to each ruling neces-
sarily embraced in the motion. To maintain their proposi-
tion, counsel seek to have applied the principle asserted
in *Ohio, etc., R. R. Co.* v. *McCartney*, 121 Ind.
385, to the effect that if a series of propositions be
embodied in the charge of the court to the jury, and the
same be excepted to in a mass and one be correct, the
exception is properly denied or overruled.

Under the facts herein, the rule asserted in the case
cited, and in other decisions of this court of a similar
import, has no application in support of appellee's con-
tention. The motion was not presented by appellant.
Apparently he had nothing to do with formulating the
same. Appellee saw fit to attack the alleged irrelevant
portions of the complaint by one motion and for the
reason therein stated, and it was sustained as a whole,
and to this ruling appellant excepted. This, under the
circumstances, was sufficient. Apparently, as hereto-
fore stated, the motion was based and sustained upon
the ground and theory that the injuries and damage to
appellant's horses were not in any way due to the negli-
gence of appellee in the delay of shipping said animals.
Or, in other words, that the negligence of the carrier
in not properly discharging his duty in transporting the
horses was not the proximate cause, but that the change
in the weather which produced the snow, rain, sleet,
etc., constituted the true cause, and that it was an
intervening and independent one for which appellee was
not responsible, and one which was beyond its power to
foresee or avert. The question is pressed upon us to
decide which, under the averments in the complaint, is
the proximate cause of the injuries and damages of
which appellant complains. This question is ably and
elaborately argued by the learned counsel for the par-
ties in this action. But this point is not properly pre-

sented upon the action of the court in sustaining the motion to strike out, and hence we cannot consistently with the rules of practice decide the question. This motion did not perform the office of a demurrer, and the proposition arising in this appeal, upon the error assigned, is not as to whether the complaint is good or bad upon demurrer. The only proposition upon which our decision is strictly invoked is: Did the court err to the prejudice of appellant's rights in sustaining the motion in its entirety, and thereby suppressing the parts or averments of the pleading in controversy? It is settled that where averments or matter in a pleading are in any way material, they ought not to be struck out on motion, and the recognized test of their materiality is to inquire whether they tend to constitute a cause of action or defense; if they do they are not irrelevant and ought not to be suppressed. The following decisions support this doctrine: *Port* v. *Williams*, 6 Ind. 219; *Clark* v. *Jeffersonville, etc., R. R. Co.*, 44 Ind. 248, and authorities there cited; *Indianapolis, etc., Co.* v. *Caven*, 53 Ind. 258; *Chicago, etc., R. W. Co.* v. *Summers*, 113 Ind. 10; *Mabin* v. *Webster*, 129 Ind. 430; *Faylor* v. *Brice*, 7 Ind. App. 551.

In the case of *Clark* v. *Jeffersonville, etc., R. R. Co.*, *supra*, this court said: "When a demurrer is sustained to a pleading, the party has a right to amend, but when a pleading is stricken out, it cannot be amended, for it is out of the record. The party must then either reserve the question by a bill of exceptions and seek relief in this court, or obtain leave of the court to file another pleading. For this reason, motions to strike out are not to be encouraged, unless it is manifest to the court that it would be to the prejudice of the party that has to answer or reply, to suffer the objectionable matter to remain. *Molony* v. *Dows*, 15 How. Pr. 261." We

Atkinson *v.* Wabash Railroad Company.

need not and do not decide whether the complaint in this action was or was not, upon the theory under the facts therein outlined, sufficient to entitle the appellant to recover for the alleged injuries to his property, nor do we decide the question raised as to proximate causes. We are, however, of the opinion that the averments or matter eliminated, if not all, at least in part, when coupled with the other material allegations in the complaint, to say the least, tended to constitute a cause of action, and, therefore, under the rule, cannot be held as irrelevant. The ruling of the court in striking out these parts of the pleading in effect destroyed the theory of appellant's action which he sought to present by his complaint ; and it must be presumed that he was prejudiced by the court's ruling in his substantial rights.

We are of the opinion that the portion of the complaint which alleges and claims damages upon the ground that appellant had employed trainers to train and take care of the horses in question was wholly irrelevant as an element of damages, and as to this specification the motion was properly sustained.

For the error in sustaining the motion, as a whole, the judgment is reversed and the cause remanded to the lower court with instructions to overrule the motion to strike out, except as to the part herein indicated as bad, and for further proceedings in accordance with this opinion.

Filed November 7, 1895; petition for rehearing overruled January 28, 1896.