## KERR v. KERR.

[No. 23,944.    Filed October 11, 1923.    Rehearing denied January 16, 1924.]

1.  DIVORCE.—*Orders in.—Contempt Proceeding for Violating.—Defenses.*—Matters which were considered and passed on in the trial of a divorce action and on a petition of the husband for modification of the order requiring him to pay a specified amount each month for the support of his children cannot be relitigated on petition to adjudge defendant in contempt for disobedience of the orders.    p. 143.

2.  PLEADING. — *Divorce.* — *Contempt    Proceeding.* — *Answer.* — *Striking Out.*—In a contempt proceeding against a husband for violating the order of court in a divorce action to pay a specified amount each month for the support of his children there was no error in striking out a so-called "answer" which covered forty typewritten pages of legal-cap paper containing a few clauses which properly might have found a place in an answer showing an excuse for noncompliance with the order, but which were hidden by a mass of irrelevant matters, much of which was scandalous, the court is not bound to search through a volume of irrelevant matter to find a few relevant averments.    p. 143.

3.  DIVORCE.— *Contempt Proceedings.— Evidence.— Sufficiency.*—Evidence *held* sufficient to sustain a finding of contempt in refusing to obey an order in divorce for a husband to make specified monthly payments for the support of his children.    p. 145.

4.  DIVORCE.— *Orders of Court.— Contempt for Violating.— Imprisonment.*—On the trial of a contempt proceeding for refusing to obey an order of court in divorce that the husband make specified monthly payments for the support of his children, the court has power to order that the defendant be imprisoned, distinguishing the cases involving the payment of alimony or support of a wife.    p. 146.

5.  APPEAL.— *Review.— Ruling not Entering into Final Judgment.*—A ruling on a petition which was superseded by another petition will not be reviewed on appeal, especially when such ruling did not enter into the final judgment, and would not be cause for reversal even if that ruling were erroneous.    p. 147.

From Lake Superior Court; *Oliver Starr*, Special Judge.

Petition by Jennie Pearl Kerr that John Kerr, her divorced husband, be punished for contempt of court in refusing to obey an order, made in the divorce action for the defendant to make specified monthly payments for the support of his children. From a judgment ordering the defendant to be imprisoned for contempt, he appeals. *Affirmed.*

*W. J. Whinery,* for appellant.
*Patterson & Thiel,* for appellee.

EWBANK, J.—In April, 1916, in an action brought by appellant, the trial court found for appellee on her cross-complaint and granted her a divorce, with $10,000 alimony, $950 attorney fees, and $288.79 expense money, and awarded her the custody of the three "minor children of the parties", Frances, Dorothy and Katherine; and it was ordered "that the plaintiff pay to the defendant * * * for the maintenance of said minor children $20 per month for each of said children * * * on the first day of each month", etc.

The alimony, attorney fees and expense money were paid. But four times in the next three years, the record recites that appellee filed petitions asking that appellant be cited for contempt, though the petitions are not set out in the transcript. In November, 1919, upon a petition by appellee and a cross petition by appellant, there was a hearing before a special judge chosen "by agreement of all parties", and he modified the order so as to direct that appellee (the mother) should continue to have the custody of Frances, Dorothy and Katherine, "minor children of the parties", and that appellant should "pay to the clerk of the court $100 on the first day of each month for the care, support and education of said children by the defendant, Jennie Pearl Kerr", but that such order should not be a lien on appellant's real estate; that appellant should be per-

mitted to take one or more of the children to his home at seasonable hours or over night, and that appellee should keep the children within the jurisdiction of said court. No appeal was taken from the judgment granting the divorce, nor from the one modifying the order as to what appellant should pay for the support of the children.

Thereafter appellee filed a verified petition asking that appellant be ordered to show cause on September 11, 1920, why he should not be punished for contempt of court, in which petition she stated under oath that he had never paid more than $72 in any month, that he had paid nothing in the last two months, and was delinquent $475 in his payments, and that appellee had maintained, clothed and fed the children. On November 8, appellee filed a further verified petition stating that the modified order of court above referred to had been entered, and that no payment had been made thereunder to the clerk, but that she had received "indirectly" from appellant less than half the sum ordered paid, and asserting that there was due from appellant $663, which he refused to pay. This statement concluded with a request that judgment be entered in her favor against appellant for $663, and that she have execution for that amount. Judgment was rendered accordingly, but, on motion of appellant, it was set aside and vacated, and nothing more is shown to have been done in the way of entering a money judgment. Thereafter, in December, appellee filed a "supplemental petition", in substantially the same words as the petition filed in September, except that the amount in which appellant was alleged to be delinquent was $873, and asking a rule against appellant to show cause why he should not be attached for contempt in failing to pay that amount. A change of venue from the regular judge being taken, and a special judge having qualified,

a demurrer was filed "to the petition  *  *  *  filed on November 8, 1920", for the alleged reason that it did not state facts sufficient to constitute a cause of action, and a memorandum was filed pointing out the particulars in which appellant deemed it insufficient.

The demurrer was overruled and appellant excepted. Appellant then filed what he called a "verified answer to the defendant's petition and supplemental petition." This answer stated that appellant had paid $60 per month for the support of the children until the first of August, 1920, except during four months when they were visiting in Ohio, but did not deny the charge that he had never obeyed the order to pay $100 per month at any time since it was entered; it alleged that, since the divorce suit was commenced in 1915, appellant had paid out for alimony, attorney fees and the support of the children "approximately $20,000", and stated the conclusion "that as a result of such payments more than one half of plaintiff's estate and earnings had been expended in" making such payments and "for attorneys and incidental expenses caused by said divorce proceedings", without indicating the amount of such expenses and attorney fees; but it did not state anything as to the amount of his property or of his income at the time of filing such answer; it alleged that, since the time fixed by the amended order for payment of the first sum of $100 (of which he only claimed to have paid $60), appellee has refused to permit him to see the children or to take them to his home. It also contained allegations of other facts which it might be proper for the court to consider in passing on a motion to modify the order for the custody and maintenance of the children, most of which were contained in his cross-petition to modify such order on which the order that he pay $100 per month was made as stated above. The remainder was made up of

charges of misconduct on the part of appellee before
the divorce was granted and even before she married
appellant, an assertion that he was not the father of
the second child, charges that the judge who granted
the divorce subjected himself to improper influences,
was prejudiced, based his decree on perjured testimony
when he knew the facts had been proven otherwise, and
gave appellee custody of the children with knowledge
that she was unfit, recitals of evidence which appellant
said the court heard and of statements which he said
the judge made in conversation with an attorney when
the divorce proceeding was on trial, and laudation of
himself and of his own character and attainments.
There were also several statements of what appellant
asserted to be principles of law. The so-called "an-
swer" covered forty typewritten pages of legal-cap
paper, but none of it, except the few lines stating that
he had paid $60 per month during the time as stated,
and how much he had been required to expend in paying
alimony and providing support for his children, had
even a remote bearing on the question whether or not
he was justified in failing to make the payments as
ordered after a hearing on the petition filed by himself
as well as by appellee, asking that the original order
made when the divorce was granted should be modified.
And, in the absence of any facts but these, they did
not even tend to show the slightest excuse for failing
to obey the order of court. None of the facts of which
evidence had been offered to the court that tried the
action for divorce, and again to the court that entered
the modified order, were proper as matter of defense
to the charge of wilfully refusing to obey that order.
After appellant had submitted to the decision of a court
before which he appeared and offered evidence, and
then to the decision of a special judge of such court
whom he joined in selecting to hear the motions of him-

self and his former wife for a modification of the decree, matters which were considered and passed upon by the court at those hearings cannot be again litigated in determining whether or not he was guilty of contempt in refusing to obey the orders of court made after such hearings. The trial court struck out this "answer", to which appellant excepted. There was no error in such ruling. The answer as a whole did not even attempt to purge appellant of the contempt charged. The few clauses which properly might have found a place in an answer showing an excuse for noncompliance with the order were so hidden in a mass of averments, all of which were irrelevant and many of which were scandalous, that the court was not bound to search them out when rejecting the answer as a whole. A court is not bound to permit a ton of chaff and dirt to be unloaded upon its records because here and there a grain of wheat may be concealed in it.

The contempt proceeding was tried on March 3, 1921. Evidence was offered to the effect that the modified order for the payment of $100 by appellant on the first of each month to the clerk of the court "for the care, support and education of said children by the defendant, Jennie Pearl Kerr", was made on November 14, 1919; that he never paid anything to the clerk and did not pay anything to anybody for their support after the month of July, 1920, and that he had paid only $65 each month up to that time, except in March, when he paid $72, and that appellee had supported, maintained, clothed, educated and cared for each of the children. Appellant then offered and was permitted to read in evidence said affidavit which had been filed as an answer and struck out by the court, in which he expressly admitted that he had not made any payments since the first of August, 1920, and only

claimed to have complied, until that date, with the original order to pay $20 per month for each of the three children, but in which he made the many statements above referred to as being irrelevant. This evidence showed that, having been a party to the decree of divorce and a petitioner for its modification (asking that the allowance be reduced), appellant never had complied with the modified order after it was entered, and that, at the time of the hearing, he had paid nothing whatever toward the support of his children for seven months past though confessing that his property exceeded $20,000 in value; and that his only reason was his dissatisfaction with the findings which the judges by whom the cause was heard had made upon the evidence before them. It was amply sufficient to sustain the finding that appellant was guilty of contempt of court in refusing, without lawful excuse, to obey the order to pay for the support of his children.

But appellant insists that the court had no power to send him to prison for refusing to obey an order that he pay money for the support of his children in the custody of his divorced wife. The Supreme Court of Indiana has decided that question against his contention, and we are content with its construction of the law. *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 45 N. E. 600; *Leibold* v. *Leibold* (1902), 158 Ind. 60, 62 N. E. 627; *Perry* v. *Pernet* (1905), 165 Ind. 67, 74 N. E. 609, 6 Ann. Cas. 533. The decisions cited by appellant to the effect that the statute for including in a decree of divorce a judgment for alimony (§1088 Burns 1914, §1047 R. S. 1881), and the statute authorizing the application of a man's property to the support of his family when he shall have deserted them (§7869 Burns 1914, §5132 R. S. 1881), give the court no power to enforce its judgment by imprisoning the husband for nonpayment of the alimony or of the

amount found necessary for the support of the family, are not controlling in the case at bar. This judgment relates to disobedience of an order for the support of children, not to the nonpayment of alimony or support for a wife.

Appellant complains of the ruling on his demurrer to the petition filed November 8, 1920. But the record shows clearly that the judgment recovered on that petition was set aside and vacated, and that the one appealed from was based on the petition and supplemental petition which charged contempt of court in failing to obey an order against him, and that neither of them was demurred to. The ruling on the demurrer was not carried into the final judgment, and would not be cause for reversal even if that ruling were erroneous. Therefore, we shall not consider the question whether or not it was correct.

The judgment is affirmed.