EDERER *v.* FROBERG

[No. 17,305. Filed March 1, 1945.]

*George E. Hershman,* of Crown Point, for appellant.

*E. Miles Norton,* of Crown Point, for appellee.

DOWELL, P. J.—This cause is appealed from a judgment of the trial court in favor of appellee upon his claim previously filed in a receivership proceeding involving a dissolution of the partnership of John Froberg and Lothar A. Ederer, operators of the Burr Oak Farm in Lake County, Indiana. The claim was founded upon an alleged contract of employment by the terms of which appellee was to receive for his services the sum of $75 per month beginning October 1, 1937. It was alleged that appellee performed the services from

said date until January 1, 1939, and that the sum of $2062.50 on account of such services was due him and wholly unpaid.

Trial was to the court resulting in judgment for appellee in the sum of $1825 with costs.

To appellee's claim appellant filed answer in three paragraphs, the first a denial, the second, a plea of payment, the third, as follows:

"Said Lothar A. Ederer, for a third and further paragraph of answer to the claim filed herein by said Chester Froberg, alleges and says:

"1. That said Chester Froberg is the son of John Froberg, who was the original plaintiff in the above entitled cause of action.

"2. Defendant further alleges that during the spring and prior to the 11th day of July, 1933, this defendant and said John Froberg entered into a contract of partnership and pursuant to said contract of partnership, the parties purchased a large farm in Lake County, Indiana. That at said time the said John Froberg and the claimant, Chester Froberg, were living near the City of Valparaiso, Porter County, Indiana, and this defendant was a resident of Chicago, Cook County, Illinois.

"3. The defendant further says that by the terms of said written agreement, the said John Froberg was to manage and superintend the farming; that this defendant was to have nothing on account thereof, he, the defendant, or Ederer, was to take no part in the actual operation of the farm but the said John Froberg was to be paid for his services in supervising the farm, not as a skilled farmer, but the wages or salary at the time paid for ordinary laborers; that the said Froberg lived near Valparaiso, and was to be paid for gasoline and mileage on his car going to and from the farm. That said Froberg did in fact manage the farm pursuant to said agreement.

"4. That the said John Froberg employed his two sons and other laborers to do the actual work of the farming, and paid himself and said laborers

out of the proceeds of said farm and from cash furnished by this defendant, Ederer. That all of the proceeds of the farm were received and disbursed by said John Froberg, Eugene Froberg and Chester Froberg, and that said Ederer received no portion of said proceeds whatever.

"5. That the said John Froberg and his sons were required to keep an accurate statement of their hourly and daily time required in the work to be done by them and not less often than every thirty days submit in writing to the defendant, Lothar A. Ederer, a written statement of their charges and time; that said books were to be kept in such manner that they could be readily audited by either of the parties.

"6. Said Ederer further alleges and says that at various times during the continuance of said partnership, he employed Hansen Frantz and Company, Certified Public Accountants of the City of Chicago, Illinois, to audit the books and accounts, receipts and expenditures made by said Froberg in the running and management of said farm, and that said John Froberg and the claimant, Chester Froberg, exhibited to said Accountants all of their claims and demands for services, wages and credits due and in each and all of said audits, the said Chester Froberg and said John Froberg were given credit for all demands for wages and services rendered, and that said claimant, Chester Froberg, in September, 1938, advised said Auditors that the only claim or amount which he then had due and owing him from said partnership of Froberg and Ederer was the sum of One Hundred Sixty Four ($164.00) Dollars for mileage for use of car in going to and from said farm, and in making other necessary trips connected with said farming enterprise; that said sum was paid and allowed to said Chester Froberg, and he was not employed nor did he perform any work or labor upon said farm after said September 30th, 1938.

"Wherefore, defendant, Lothar A. Ederer, prays that claimant, Chester Froberg, take nothing by

reason of his claim filed herein, and that he have judgment for costs."

To this third paragraph of answer appellee addressed a motion to strike which a clear understanding of the issues here presented requires to be set out in full, as follows:

"Comes now the claimant, Chester Froberg, and moves to strike from the third paragraph of defendant's answer the following portions thereof:

"Section 2 of said paragraph of answer in its entirety.

"Section 3 of said paragraph of answer in its entirety.

"Section 4 thereof in its entirety.

"Section 5 thereof in its entirety.

"All that part of Section 6 of said third paragraph of answer, beginning with line 7 on the last page of the answer and ending with line 23; that is to say, all of said Section 6 except the prayer of said answer.

"E. Miles Norton,
"Attorney for Claimant.

"1.   Claimant assigns as his reasons for said motion that each and all of said portions of said third paragraph of answer, included in this motion, are not germane to the issue between the claimant and the defendant, and that said third paragraph of answer seeks to bring in issue extraneous matters which cannot and do not bind the claimant herein, even if such allegations were admitted to be true.

"2.   That the claimant herein, Chester Froberg, was not a party to said written agreement forming the partnership between John Froberg and the defendant herein, and could not be bound by the terms of said agreement, and that therefore the allegations resting upon that portion or any condition of said written contract of partnership can in no way be binding upon the claimant herein; and cover matter entirely without the issues in this case as it now stands.

"3. Any fact which is germane to any feature of the present controversy can be proved, either under the denial or plea of payment; and it is not proper to plead admissions or other matters of evidence as attempted in the latter part of Section 6 of said third paragraph of answer.

"Wherefore, claimant moves that said portions of said third paragraph of answer be stricken from the answer and for all other proper relief."

This motion being sustained by the court the designated portions of the third paragraph of answer were stricken, leaving remaining thereof only rhetorical paragraph 1 and the prayer of the answer.

Appellant now complains of the trial court's ruling in this respect, contending that said third paragraph of answer, as against a motion to strike, tends sufficiently to plead an estoppel that the trial court, by its ruling, permitted a motion to strike to perform the office of a demurrer, that said action of the trial court deprived appellant of the right to amend which would have been his had the appellee been compelled to file the proper pleading, a demurrer.

It is well settled that a motion to strike cannot be made to perform the office of a demurrer. A motion to strike out a pleading ordinarily reaches formal defects only. If the averments of the pleading tend to state a cause of action or a defense, though the pleading may be insufficient in substance when duly tested by demurrer, it should not be stricken out; for the party has the right to amend after a demurrer is sustained, and this right is cut off when the pleading is stricken. *Chicago, etc., R. Co.* v. *Dunnahoo* (1916), 63 Ind. App. 237, 112 N. E. 552; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 224, 73 N. E. 259. In the case of *Clark* v. *The Jeffersonville, etc., R. R. Co.* (1873), 44 Ind. 248, 263, the court said: "The question

presented is, not whether the answer would be held good or bad on demurrer, but whether the court erred in striking it out on motion. . . . 'An answer, however, which is so framed that it does not set up a valid defense, but which states facts that may, *by being properly averred,* constitute a defense, will not be struck out as sham, irrelevant, or frivolous, but it may be demurred to.' . . . The true test of the materiality of averments sought to be struck out is, to inquire whether such averments tend to constitute a cause of action or defense, and if they do they are not irrelevant." See also *Atkinson* v. *Wabash Railroad Co.* (1895), 143 Ind. 501, 41 N. E. 947 and cases therein cited. In the case of *Ellison* v. *Branstrator* (1910), 45 Ind. App. 307, 311, this court had under consideration a motion to strike wherein the grounds stated were, as in the instant case, that the facts set out in the pleading attacked were not germane to the issue. Approving the rule enunciated in the case of *Clark* v. *Jeffersonville, etc., R. R. Co., supra,* this court said: "If a pleading is so palpably irrelevant that it is manifest that it could not be amended so as to make the facts stated in anywise germane to the controversy it may be rejected on motion. A pleading, however, which is so framed that it does not set up a cause of action or a valid defense, as the case may be, but which states facts that tend to, and might, by proper averment, constitute such cause of action or defense, will not be stricken out as irrelevant, but may be demurred to." Later cases follow the same rule. See *Universal Credit Co.* v. *Collier* (1941), 108 Ind. App. 685, 31 N. E. (2d) 646; *Jones* v. *Evanoff* (1944), 114 Ind. App. 318, 52 N. E. (2d) 359.

With the above in mind we are unable to perceive that paragraph 3 of the answer is "so palpably irrele-

vant that it cannot be amended so as to make the facts stated therein in anywise germane to the controversy." On the contrary, we are compelled to agree with appellant that the facts stated therein, properly averred, might constitute a plea of estoppel, a defense not available under the general issue or the plea of payment.

Appellee insists that the rule discussed hereinabove is applicable only in cases where a pleading has been stricken in its entirety, that in the instant case only a portion of paragraph 3 went out on the motion. The probity of such an argument is open to question in the face of the fact that, after striking, all that remained of appellant's paragraph 3 was rhetorical paragraph 1 and the prayer of the answer. For all practical intents and purposes the pleading was completely destroyed.

Appellee also contends that there is no provision in the civil procedure in Indiana for the filing of answers to a claim filed with a receiver and asserts that all matters in defense of the claim are admissible under the general issue. With this we cannot agree. It has been held repeatedly that the provisions of the civil code, which include the rules of pleading and practice, are applicable to a special statutory proceeding for the enforcement of private rights where no provision as to pleading and practice is made in the special proceeding act. Since the special statute governing in the matter of receivers does not contain its own rules of pleading the provisions of the civil code apply to the pleadings in the instant case. *Shields v. Pyles* (1913), 180 Ind. 71, 99 N. E. 742; *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569.

We must hold that the ruling of the trial court sustaining appellee's motion to strike and the action of the court in striking the designated portions of paragraph 3 of appellant's answer were erroneous.

Appellants remaining assignments, i.e., insufficiency of the evidence, illegality of the decision and error in the amount of recovery in that same is too large become unimportant in view of the fact that the cause must be reversed for the reasons stated above.

Reversed, with instructions to the court below to overrule appellee's motion to strike the designated portions of appellant's paragraph 3 of answer and for other proceedings not inconsistent herewith.

Draper, C. J., not participating.

NOTE.—Reported in 59 N. E. (2d) 595.