CHAMBERS *v.* THE PENNSYLVANIA RAILROAD COMPANY

[No. 18,013. Filed May 26, 1950.]

343

*Cecil A. McCoy*, of Fort Wayne, for appellant.

*Fred E. Zollars*, of Fort Wayne, and *Gates & Gates*, of Columbia City, for appellee.

MARTIN, P. J.—Appellant filed his complaint against the appellee to recover damages for personal injury resulting from appellee's negligence.

Appellee filed its motion to strike out from rhetorical paragraph four of the complaint the following: "wrongfully and tortiously permitted more trucks upon the platform than were conducive to the safety of the plaintiff in the discharge of his duties."

The court sustained said motion and appellant elected to stand upon his complaint, and refused to plead further, and the court rendered judgment against appellant for costs.

The error assigned in this court is, that the trial court erred in sustaining appellee's motion to strike.

Before considering the question above stated, it is proper, we think, that we should dispose of a point made in argument by the appellee's counsel, to the effect, that the judgment or order in the case at bar, is not a final judgment from which the appellant can appeal. The record before us shows that when the appellee's motion to strike out was sustained, the appellant elected to stand upon his complaint, and refused to plead further, and judgment for costs was rendered against appellant in favor of the appellee. The effect of the judgment was that the appellant pay costs and that he take nothing by his complaint. This was a final judgment from which an appeal will lie to this court. *Matter* v. *Campbell, Treasurer* (1880), 71 Ind. 512; *State ex rel. Shenk* v. *Lung et al.* (1907), 168 Ind. 553, 80 N. E. 541.

Rhetorical Paragraph four of the appellant's complaint is as follows:

"That on said date plaintiff, while in the employ of the defendant and working as aforesaid and under the defendant's instruction, was hauling freight from the car on what is designated Spot 507 and with a great load of freight when plaintiff's truck in trying to avoid a loaded truck collided with an empty truck upon said platform. That said collision was caused by the negligence of the defendant in this, wrongfully and tortiously permitting more trucks upon the platform than were conducive to the safety of the plaintiff in the discharge of his duties as aforesaid."

The motion to strike is as follows:

"Comes now the defendant Pennsylvania Railroad Company and respectfully moves the Court to strike out of the fourth (4th) rhetorical paragraph of plaintiff's complaint the following: 'wrongfully and tortiously permitted more trucks upon the platform than were conducive to the safety of the plaintiff in the discharge of his duties,' for the following reasons, to-wit:

"That said statement is prejudicial, speculative and conjectural and would confuse the jury."

This paragraph alleges the only act of negligence in the complaint, and the effect of sustaining appellee's motion to strike out was to emasculate and destroy the pleading. None of the several allegations stricken out were either scandalous or impertinent. It is error to strike out material parts of a pleading. *Penn., etc., Glass Co.* v. *De La Vergne Mach. Co.* (1914), 58 Ind. App. 333, 106 N. E. 722.

This motion did not perform the office of a demurrer, and the proposition arising in this appeal, upon the error assigned, is not as to whether the complaint is good or bad upon demurrer. The only proposition upon which our decision is strictly invoked is: Did the court err to the prejudice of appellant's rights in sustaining the motion, and thereby suppressing the parts or averments of the pleading in controversy? It is settled that where averments or matter in a pleading are in any way material, they ought not to be struck out on motion, and the recognized test of their materiality is to inquire whether they tend to constitute a cause of action or defense; if they do, they are not irrelevant and ought not to be suppressed. *Atkinson* v. *Wabash Railroad Co.* (1895), 143 Ind. 501, 41 N. E. 947 and cases there cited.

We need not and do not decide whether the complaint in this action was or was not, upon the theory under the facts therein outlined, sufficient to entitle the appellant to recover for the alleged injuries. We are, however, of the opinion that the averments or matter eliminated, when coupled with the other material allegations in the complaint, to say the least, tended to constitute a cause of action, and therefore, under the rule, cannot be held as irrelevant. The ruling of the court in striking out these parts of the pleading in effect destroyed the theory of appellant's action which he sought to present by his complaint; and it must be presumed that he was prejudiced by the court's ruling in his substantial rights.

For the error in sustaining the motion to strike out, the judgment is reversed and the cause remanded to the lower court with instructions to overrule the motion to strike out.

NOTE.—Reported in 92 N. E. 2d 559.