CITY OF INDIANAPOLIS v. L & G REALTY & CONSTRUCTION COMPANY, INC.

[No. 19,192. Filed December 16, 1960. Rehearing denied January 26, 1961. Transfer denied May 25, 1961.]

*Michael B. Reddington,* Corporation Counsel, *John J. Dillon,* City Attorney and *M. Walter Bell,* Assistant City Attorney, for appellant.

*Harry M. Stitle, Jr.,* of Indianapolis, and *Richard W. Adney,* of Lebanon, for appellee.

GONAS, J.—This case is now, for the second time, brought to our consideration, the first being *L & G Realty & Construction Company, Inc.* v. *City of Indianapolis* (1957), 127 Ind. App. 315, 139 N. E. 2d 580 (Transfer denied).

As stated in the opinion in the first appeal;

". . . The appellant, L & G Realty & Construction Company, Inc., alleging ownership in itself brought two actions in the Circuit Court of Marion

County, against the appellee, City of Indianapolis, as sole defendant, setting out in each, a description (not in dispute) of the particular property in controversy, one action seeking damages for the alleged wrongful taking and use of certain of the property and the other to quiet title thereto. . . ."

After the formation of the issues both causes were venued to the trial court where they were consolidated for the purpose of trial. A trial by the court upon a joint stipulation of facts, resulted in a general finding and judgment following the overruling of the appellant's motion for a new trial, duly filed. The sole error assigned here is the overruling of the motion for new trial. The judgment entered in favor of the City of Indianapolis following the first trial, was reversed with instructions to sustain the motion of L & G Realty & Construction Company, Inc., for a new trial.

Thereafter, the cause was venued to the Boone Circuit Court and from there, the causes were consolidated and a final venue was taken to Montgomery Circuit Court. On June 6, 1957, a pre-trial was held with both parties present by counsel and entered into a stipulation that;

". . . the evidence in this case shall consist of all the exhibits introduced into evidence in the trial in Lebanon, Indiana, in the Boone Circuit Court, and it is also stipulated that the testimony of Maten G. Gerdenich, as introduced in the Boone Circuit Court can be reintroduced here by reading of that portion of the official reporter's notes, and it is further stipulated that the City of Indianapolis, reserves the right to introduce any further evidence material under the issues of the pleadings herein. . . ."

On the same day the cause was set for trial for June 12, 1957. On the day set for trial the City of Indianap-

olis filed its affidavit for a change of Judge, signed by the Mayor of that City.

> ". . . On account of the bias and prejudice of said Judge against said City of Indianapolis, as such defendant and which bias and prejudice this affiant says now exists, all of which has only recently come to the attention of this affiant. . . ."

A change of Judge was denied and appellant presents this ruling as error.

Changes have been made in the Rules of the Supreme Court since that ruling, but at the time of the ruling of the trial court the applicable Rule of the Supreme Court was Rule 1-12, which then read, in part, as follows:

> "An application for change of judge, as now provided by law, shall be filed at least ten (10) days before the date set for the trial, or if a date less than ten (10) days in the future is set for the trial, the application shall be filed within two (2) days after the setting of the case for trial."

In *State ex rel. Chambers* v. *Heil* (1951), 229 Ind. 176, 96 N. E. 2d 274, the Supreme Court said;

> ". . . For many years it has been held in Indiana that local court rules fixing the time within which an application for change of venue from the judge must be filed must yield when the application shows that the reason for the change was not discovered within the time allowed, and the application has been made within a reasonable time after the discovery of the existence of the grounds for a change. . . ."
> ". . . That part of Rule 1-12 with which we are dealing merely supersedes local rules on the subject. It must and should be construed and applied as such local rules have heretofore been construed and applied. . . ."

Here, the affidavit for change of judge does not state that it was made and filed at the earliest opportunity after the discovery and knowledge has come to the mind of the moving party of the existence of bias and prejudice on the part of the judge. It merely alleges that such bias and prejudice has only "recently" come to the attention of the affiant. We find nothing which would require that the provisions of Rule 1-12 be relaxed in this case, and there was no error in denying the change of judge.

Appellant thereupon filed its motion to withdraw the stipulation made at the pre-trial conference, which motion was overruled. Appellant's entire argument on this point is as follows:

"Attorneys cannot stipulate who is entitled to or the amount of damage awards, or benefits from taking of property for city improvements, such procedure being exclusively in the Board of Public Works and a stipulation of this kind was illegal. *City of Indianapolis* v. *Link Realty Co.* (1932), 94 Ind. App. 1."

"Neither can a stipulation give effect to a fact intended to be controverted." *Groves* v. *Burton*, (1955), 125 Ind. App. 302, 123 N. E. 2d 705.

In *City of Indianapolis* v. *Link Realty Co., supra,* it was held that the legal effect and interpretation to be given the facts there stipulated was not a proper matter of agreement. That case did not involve any question as to the damage awarded, or benefits from the taking of property for improvements. In *Groves* v. *Burton, supra,* it was held that in interpreting a stipulation it will not be so construed as to give it the effect of admitting a fact obviously intended to be controverted. Appellant makes no attempt whatever to show how any point of fact or law is ap-

plicable to the present case, as required by Rule 2-17 (e), hence no question is presented.

Appellant then filed its motion for authority to withdraw its answers and to replead, which motion was overruled. Such a motion is addressed to the sound legal discretion of the trial court and we find nothing to show an abuse of such discretion. Flanagan, *Indiana Pleading and Procedure,* §211 Comment 2. *Burroughs* v. *Hunt* (1859), 13 Ind. 178; *Hays* v. *Hynds* (1867), 28 Ind. 531; *Leeds* v. *Boyer* (1877), 59 Ind. 289.

Appellant filed, in the lower court, its unverified motion to dismiss appellee's action to recover damages for the wrongful taking of the real estate, on the ground that the sixty day statutory notice was not given the appellant. Burns' Ind. Stat. §48-8001 (1950) Repl.

However, the complaint averred the giving to appellant of proper notice and a motion to dismiss the action because of asserted defects in the notice or the service thereof was inappropriate procedure to present such questions for determination. Appellant apparently recognizes this since it now contends that the evidence failed to show the giving to appellant of a timely notice. The error presented and relied upon by appellant is that the court erred in overruling its said motion to dismiss. Whether the court committed such asserted error must be determined from the situation existing at the time of the filing of such motion to dismiss and not from the situation allegedly shown by the evidence. Since a motion to dismiss was not the appropriate pleading to present the asserted deficiencies of notice, we find no error in the court in overruling the same.

A further argument is made that the complaint was defective in that it did not plead certain matters. If

the complaint did not state a cause of action ██ this was a matter for demurrer and not a motion to dismiss. Defects apparent on the face of the complaint and which are cause for demurrer, except for jurisdiction of the subject matter must be challenged by demurrer, or the defects are waived. Burns' Ind. Stat. §2-1011. Flanagan, *Indiana Pleading and Procedure*, §147 p. 202; *Brown* v. *State* (1941), 219 Ind. 251, 37 N. E. 2d 73, 137 A. L. R. 679.

Appellant thereupon filed its unverified motion to dismiss the quiet title action holding on the ground "that plaintiff did not include all persons hold- ██ ing an interest in said real estate." True, a person seeking the decision of a controversy by a court should bring all of the parties necessary to its full determination before the court for a hearing and determination of the matter. Every person having the legal right to control the action must be in court to control it. If there were persons who should have been made parties defendant and were not (and such does not appear on the face of the complaint), appellant's remedy was by an answer in abatement, and having failed to answer in abatement, the question was waived. Flanagan, *Indiana Pleading and Procedure*, §48 p. 93; *Watson* v. *Burnett* (1939), 216 Ind. 216, 23 N. E. 2d 420.

Appellant offered for filing what it designates as supplemental answers in both the quiet title and damage actions, the filing of which was refused by the court. The content of these offered documents reveals that little, if anything, is set forth which would be proper as a supplemental pleading. The case was at issue, and these pleadings were not offered for filing until the date of trial. As stated in Flanagan, *Indiana Pleading and Procedure*, p. 253, §206 Comment 2;

"A motion for leave to file a supplemental pleading is addressed to the sound legal discretion of the trial court, and its ruling thereon will not be reversed on appeal unless it is shown that such discretion was abused in the injury of the complaining party."

No abuse of discretion is here shown.

Appellant then filed its motion that the causes be separately tried, and this was overruled. The parties had previously stipulated that the causes should be consolidated for trial, and were so tried at the first trial. The consolidation of actions, in the absence of a statute, is within the sound discretion of the trial court, and there is nothing here to show an abuse of such discretion. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* §1411, p. 171; *Am. Lead Corp.* v. *Davis* (1941), 111 Ind. App. 242, 38 N. E. 2d 281.

By ground 13 of its motion for a new trial, appellant claims there was error in admitting certain evidence over its objection. However, the motion for a new trial does not set forth any objections made to the admission of the evidence, and no question is presented. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* §1812, Comment 2.

Appellant insists that damages cannot be recovered in a proceeding of this nature; that damage awards must first be made by the Board of Public Works and then appealed to the courts if there is dissatisfaction; that the exclusive procedure must be under Burns' Ind. Stat. §48-2101 *et seq.,* the Eminent Domain Act for First Class Cities, and Burns' Ind. Stat. §48-4501 *et seq.,* relating to appeals from City Boards.

Appellant introduced in evidence, a resolution of the Board of Public Works under date of August 21, 1947, by which it was resolved to build certain bridges. Appellant was apparently, at that time, under the erroneous impression that it was the owner of the real estate involved here, and there was no attempt to exercise the power of eminent domain under the cited statutes. Appellant, following the resolution, erected a bridge and used the real estate involved here.

Although Rule 2-17 (c) requires that an appellant's brief set out verbatim the relevant parts of such statutes as are deemed to have an important bearing, the only statutes so set out are Burns' Ind. Stat. §48-2117, and §48-2121. We do note, however, that under the cited statutes it is provided that the initiation of eminent domain proceedings shall be by the Board of Public Works, and that no provision is made therein for a landowner whose land is seized to initiate such proceedings where the board does not.

We believe the Indiana law is correctly stated in I. L. E. Eminent Domain §133, p. 711, as follows:

"A person whose property is wrongfully taken for a public purpose may recover damages in an action at law and his action is not barred because he acquiesced in, or consented to, the wrongful taking of his property. On the other hand, an action at law for damages will not lie where an exclusive remedy for the assessment of damages is provided for by statute."

Appellant has pointed out no remedy which the appellee would be entitled to pursue under the cited statutes in this case, let alone any provision for an exclusive remedy.

Appellant offered in evidence, a resolution of the Board of Public Works purporting to have been adopted

on June 20, 1957, after the present trial of this case had begun, and purporting to be based upon Burns' Ind. Stat. §48-2117. That statute provides that the board shall have power by supplementary proceedings begun of its own motion to reconsider and reopen,

> ". . . as to any persons so petitioning or notified, any or all such assessments of benefits, except as otherwise limited herein, or any other matters related thereto in said proceedings, and to rescind, adjust, amend, alter, correct, supply or modify the same, by increasing or decreasing respectively the amount of any or all such awards or assessments, or by adding or eliminating any thereof, or to remedy by any method and means as aforesaid any errors, irregularities, omissions, or other defects. . . ."

Appellant argues that the board, by adopting this resolution after the trial had begun, thereby ousted the trial court of jurisdiction to proceed with the trial.

Assuming, without deciding, that under this statute appellee might be granted compensation should the board proceed under it and not rescind the resolution later, the passage of such a resolution did not oust the court of its jurisdiction of the subject matter of the present action. To hold otherwise would permit appellant to toy with courts and judicial processes. The case of *Elliott* v. *City of Indianapolis* (1957), 237 Ind. 287, 142 N. E. 2d 911, relied upon by appellant is not applicable, as these condemnation proceedings were actually initiated and the landowner appeared and filed his remonstrance prior to the filing of the civil action there involved.

Appellant argues that the damages assessed are excessive. Appellant bases its argument upon the

proposition that the evidence shows valuations were based upon certain improper factors and certain other factors were not considered. The evidence upon which appellant bases its argument does not appear in its brief.

Appellant filed its motion to modify the judgment and asserts that there was error in overruling it. The judgment in this case conforms to the findings made by the court and, indeed, appellant does not argue otherwise, and therefore, there was no error in overruling the motion.

A motion to modify a judgment presents no question as to what a finding ought to be. It presents no question where the finding follows the judgment. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §1781 p. 367; *Rader* v. *Sheets* (1901), 26 Ind. App. 479, 59 N. E. 1090.

Appellant also makes an argument based upon the theory that the parties hereto both claim title through a common source. The facts of this case do not support appellant.

Appellant also argues with the holdings of this court in the first appeal. However, the holdings of that case, material to the questions presented, become the law of the case, and may not now be questioned. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2791 p. 375.

We have examined all contentions properly presented by appellant and find no reversible error.

Judgment affirmed.

Bierly and Kelley, JJ., and Smith, P. J., concur.

NOTE.—Reported in 170 N. E. 2d 908.