FINNEY v. L. S. AYRES & COMPANY.

[No. 20,002. Filed June 8, 1965. Rehearing denied August 3, 1965.]

*William B. Patrick, Thomas E. Garvin* and *Alembert W. Brayton,* of counsel, all of Indianapolis, and *Robert D. St. Clair,* of Martinsville, for appellant.

*Keith. C. Reese, James E. Rocap, Jr.,* and *James E. Rocap, Sr.,* and *Rocap, Rocap, Reese & Robb,* of counsel, all of Indianapolis, and *Charles Foley,* of Martinsville, for appellee.

MARTIN, J.—This is an action for damages arising out of personal injuries sustained by appellant (plaintiff), who fell while entering appellee's (defendant) store through a revolving door.

The ruling on the appellee's motion to affirm heretofore held in abeyance is now considered and the same is denied.

In her second amended complaint, appellant alleged that appellee negligently permitted the revolving door through which appellant entered, to revolve at a high and dangerous speed without control and regulation and that appellee negligently failed to provide at its Washington Street entrance, a door or a set of doors, for elderly persons such as appellant, so as to allow her to pass at her own rate of speed. Appellant further alleged that such negligent acts were the proximate cause of her fall resulting in a broken hip which in turn necessitated medical treatment, including the replacement of the broken hip with an artificial metal socket. Appellee's answer to appellant's second amended complaint set up the defense of contributory negligence, which was denied by appellant in her reply. Before the commencement of the trial, the trial court granted permission to appellant to file a supplemental complaint which charged that due to appellee's original negligence, her left hip gave way causing her to fall and receive a subsequent injury, namely a broken right hip. Appellee then filed a motion to strike appellant's supplemental complaint from the files, which motion was sustained by the trial court.

Since this suit was commenced before the 1960 Amendment of Rule 2-6 of our Supreme Court, appellant properly assigned the following errors:

"1. The court erred in sustaining the appellee's (Defendant's below) motion to strike appellant's (Plaintiff's below) supplemental complaint from the files.

"2. The court erred in overruling appellant's Motion For New Trial."

It is an established principle that where it is determined that the trial court committed reversible error on one point, this court need not discuss other points or questions in a given case. *Callahan, Admr.* v. *New York Central R. Co.* (1962), 134 Ind. App. 232, 234, 180 N. E. 2d 547, (Transfer denied).

The question here for our determination is whether the trial court committed reversible error in sustaining appellee's motion to strike appellant's supplemental complaint from the files.

Since appellant sustained a second injury subsequent to the filing of her original complaint, she properly presented said incident by way of a supplemental pleading.

"The court may, on motion, allow supplemental pleadings, showing facts which occurred after the former pleadings were filed."
Acts 1881 (Spec. Sess.), ch. 38, §138, p. 240, §2-1072 Burns' 1946 Replacement.

Although a supplemental pleading should only be filed to raise new matter occurring after the filing of the original pleading, the allowance of such a pleading is a discretionary matter for the trial court. *Morthland* v. *Lincoln National Life Insurance Co.* (1942), 220 Ind. 692, 703, 42 N. E. 2d 41;

*Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1912), 179 Ind. 322, 327, 100 N. E. 65; *City of Indianapolis* v. *L. & G. Realty & Constr.* (1960), 132 Ind. App. 17, 26, 170 N. E. 2d 908, (Transfer denied).

A motion to strike is proper for the purpose of stripping a pleading of immaterial, impertinent, and redundant matter, or to strike out a sham pleading, or to strike a pleading from the files in case of failure to comply with the formalities of a statute. *Guthrie* v. *Howland* (1905), 164 Ind. 214, 225, 73 N. E. 259; See also: *Kerr* v. *Kerr* (1923), 194 Ind. 140, 141 N. E. 305; *Ederer* v. *Froberg* (1945), 115 Ind. App. 414, 59 N. E. 2d 595.

Furthermore, it is well recognized that a motion to strike a pleading cannot perform the office of a demurrer. *Wayne Pump Co.* v. *Gross Income Tax Div.* (1953), 232 Ind. 147, 152, 110 N. E. 2d 284.

In *Chambers* v. *The Pennsylvania R. Co.* (1950), 120 Ind. App. 342, 92 N. E. 2d 559, it was found to be reversible error to sustain a motion to strike out material parts of a pleading. As stated at page 345 of 120 Ind. App.:

" . . . [T]he effect of sustaining appellee's motion to strike out was to emasculate and destroy the pleading. . . . It is error to strike out material parts of a pleading. *Penn., etc., Glass Co.* v. *DeLaVergne Mach. Co.* (1914), 58 Ind. App. 333, 106 N. E. 722. . . . It is settled that where averments or matter in a pleading are in any way material, they ought not to be struck out on motion, and the recognized test of their materiality is to inquire whether they tend to constitute a cause of action or defense; if they do, they are not irrelevant and ought not to be suppressed. *Atkinson* v. *Wabash Railroad Co.* (1895), 143 Ind. 501, 41 N. E. 947. . . ." See also; *N. Y., C. & St. L. R. Co.* v. *Merc. Natl. Bk.* (1960), 130 Ind. App. 638, 165 N. E. 2d 382, (Transfer denied).

Applying the above enunciated test of materiality to the case before us, it cannot justly be said that the new matter presented in appellant's supplemental complaint was not material, relevant, nor germane to her initial complaint. To the contrary, appellant's supplemental complaint was a most vital and pertinent part of her claim and should have been considered in evaluating her complete cause of action.

Therefore, the trial court committed reversible error in sustaining appellee's motion to strike appellant's supplemental complaint from the files. The judgment is reversed and the cause remanded to the trial court with instructions to sustain appellant's motion for a new trial, to overrule appellee's motion to strike, and reinstate the supplemental complaint.

Cause remanded with instructions for further proceedings consistent with this opinion.

Prime, P. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 207 N. E. 2d 642.