MARTZ *v.* STILLWELL.

[No. 20,732. Filed April 30, 1968. Rehearing denied July 2, 1968. Transfer denied August 16, 1968.]

*Howard J. DeTrude, Jr., Jack A. Slagle, John T. Cook,* of Indianapolis, *Kightlinger Young Gray and Hudson,* of Indianapolis, of counsel, for appellant.

*Hunter, McCoy and Sullivan,* of Winchester, for appellee.

FAULCONER, J.—This is an appeal from a judgment entered upon a verdict of a jury rendered against appellant who brought an action for damages for wrongful death as the result of a collision between an automobile driven by appellant's decedent and a school bus operated by appellee. Appellant's motion for new trial was overruled, which action is the sole error assigned in this court.

One of appellant's specifications in her motion for new trial is that the court erred in striking from plaintiff-appellant's complaint, on motion of appellee, the allegation of negligence, "that the defendant, John W. Stillwell, carelessly and negligently failed to have the school bus which he was driving under control so as to stop the same and avoid colliding with the Volkswagon automobile being operated by Daniel Albert Martz."

It appears that the principal reason for striking said allegation was that it did not constitute an act of negligence. With this we cannot agree. In the case of *Dimmick* v. *Follis* (1953), 123 Ind. App. 701, 111 N. E. 2d 486, in which transfer was denied, this court stated, at page 705 of 123 Ind. App.,

> "It seems to us that when one is charged generally with 'carelessly and negligently failing to keep his car under control' and thus causing a collision, he is charged with about any type of negligence because of which he failed to control his car in such a manner as to avoid the collision. In other words, such an allegation is, in effect, a general charge of negligence and it necessarily follows that one cannot drive recklessly without being negligent. See *Jones* v. *Cary* (1941), 219 Ind. 268, 281, 37 N. E. 2d 944."

Where averments or matter in a pleading are in any way material, they should not be struck out on motion, and the recognized test of their materiality is to determine whether they tend to constitute a cause of action or defense; if they do, they are not irrelevant and should not be stricken. *Chambers* v. *The Pennsylvania R. Co.* (1950), 120 Ind. App. 342, 345, 92 N. E. 2d 559; *Ederer* v. *Froberg*

(1945), 115 Ind. App. 414, 419, 420, 59 N. E. 2d 595; *Atkinson* v. *Wabash Railroad Company* (1896), 143 Ind. 501, 509, 41 N. E. 947.

Although the sustaining of a motion to strike an averment from a pleading may be error it will be held harmless unless it prejudiced the party against whose pleading it is sustained. It is also harmless error if the same evidence is admissible under another allegation in the pleading.

In the instant case the plaintiff-appellant charged the defendant-appellee with four allegations of negligence, (1) failure to yield the right of way, (2) failure to have the school bus under control, (3) failure to keep a look out, (4) failure to give a signal. The charge in the second allegation was stricken from the complaint before trial. Furthermore, since the undisputed evidence was that the signal had been given, and since the court instructed the jury that the statutory duty to yield the right-of-way was inapplicable to the facts in this cause, the first and fourth allegations were also rendered ineffective. Therefore, the charge of failure to keep a look-out as set forth in the third allegation was virtually the only one left for consideration by the jury.

"It is well settled that a motion to strike cannot be made to perform the office of a demurrer. A motion to strike out a pleading ordinarily reaches formal defects only. If the averments of the pleading tend to state a cause of action or a defense though the pleading may be insufficient in substance when duly tested by demurrer, it should not be stricken out; for the party has the right to amend after a demurrer is sustained and this right is cut off when the pleading is stricken." *Ederer* v. *Froberg, supra,* (1945), 115 Ind. App. 414, 419, 59 N. E. 2d 595; *Atkinson* v. *Wabash Railroad Company, supra,* (1896), 143 Ind. 501, 509, 41 N. E. 947.

We are of the opinion under the facts and circumstances of this case that the granting of the motion to strike and the striking of the allegation of negligence set out above was error and that such error was prejudicial to the appellant. Therefore, the judgment should be reversed.

Judgment reversed.

Carson, C. J., Cooper, J., concur.

Prime, J., dissents without opinion.

NOTE.—Reported in 236 N. E. 2d 185.