STATE OF INDIANA *v.* CORIDAN ET AL.

[No. 27,770.   Filed April 22, 1943.]

*George N. Beamer,* Attorney General, *Caleb J. Lindsey,* Deputy Attorney General, and *Arthur C. Van Duyn,* of Greenfield, for the State.

*William E. Reiley, Clarence W. Means,* and *Otto W. Buenting,* all of Indianapolis, and *Samuel J. Offutt,* of Greenfield, for appellees.

O'MALLEY, J.—The appellant brought this action to condemn thirty-six hundredths (.36) of an acre out of a tract of seventeen (17) acres of land in Marion County, Indiana. Appraisers awarded Three Hundred Fifty Dollars ($350.00) to appellees, but on exceptions and trial, a jury awarded damages in the sum of Two Thousand Dollars ($2,000.00).

The appellant has made four propositions upon which it relies. The second proposition is based on the giving of instruction number twenty-one (21). No objection to the giving of this instruction is shown in the record, and claimed error on this ground, is not available. Rule 1-7. The third proposition, that the amount of recovery is too large, does not claim the insufficiency of the evidence to sustain the verdict, but it is asserted to show that the claimed error in giving instruction number twenty-three (23) assigned in the first proposition was harmful. The fourth proposition claims error by reason of the giving of both instructions number twenty-one (21) and number twenty-three (23).

The basis of the appeal is thus centered on the giving of instruction number twenty-three (23). The objections to this instruction are as follows:

"*FIRST:* The instruction tells the jury that they cannot consider any benefits to the residue of the defendants' real estate if the lands in the same vicinity are likewise benefited.

"*SECOND:* That the instruction is diametrically opposed to and in conflict with other instructions given by the court on the same subject, they being Instructions Numbered 14, 15, and 16, given by the Court of its own motion.

"*THIRD:* The instruction tells the jury that they cannot consider any increase in the value of the land of the defendants, remaining after said appropriation of said land and after said improvement was made, conferred by said improvement, if it is also found by the jury that other lands in that vicinity were so increased in value by reason of the said appropriation and the making of said improvement."

Instruction number twenty-one (21) stated that special benefits such as result directly to said remaining land could be considered, but that general benefits resulting to the owners in common with the public cannot be so considered.

Instruction number twenty-three (23) stated that if there is an increase in the value of the land remaining, and that it is common to all land in the vicinity, said increase cannot be set off against damages.

The first and third objections to instruction number twenty-three (23) do not point out what is wrong with the instruction, but merely paraphrase its language.

Instructions number twenty-one (21) and number twenty-three (23) are based on the same legal theory and in effect are complementary of each other.

Since appellant did not object to instruction number twenty-one (21), he apparently conceded its correctness, and the lower court, when confronted with the objections to instruction number twenty-three (23), assumed, and we on review assume,

that appellant was limiting his objections to the grounds stated in the second paragraph of the objections, and was satisfied with the theory stated in the instructions.

The second paragraph of the objections is to the effect that instruction number twenty-three (23) is contradictory to the instructions number fourteen (14), fifteen (15), and sixteen (16). Instruction number fourteen (14) defines benefits as anything that will enhance or increase the fair market value of the residue of defendants' land, which naturally and proximately result from the taking of a strip thereof and the construction of the improvement contemplated. Instruction number fifteen (15) contains the same definition, and in addition thereto states that the benefits may be set off against the damages to the residue. No mention of instruction number sixteen (16) is made in appellant's brief under propositions, points and authorities, and that instruction need not be considered under the rules of this court. Rule 2-17 (f).

Instructions given in an action must be considered as a whole. *Indianapolis, etc., Traction Co.* v. *Roach* (1922), 192 Ind. 384, 135 N. E. 334.

Furthermore explanatory instructions should be construed together. *Lake Erie, etc., R. Co.* v. *Douglas* (1919), 71 Ind. App. 567, 579, 125 N. E. 474, 478.

By so construing the instructions, the jury must have understood that as against the substantial elements of damages which tended to reduce the fair market value of the residue of appellees' land, there could be set off only such benefits as directly and specially resulted to the remaining land, but not such increase as was common to all lands in the vicinity.

Instructions number twenty-one (21) and number

twenty-three (23) merely broke down the elements of benefits as given in instructions number fourteen (14) and number fifteen (15) into the two classes of benefits, general, which cannot be, and, special, which may be, used as a "set off" against damages to the residue.

There is no conflict in these instructions. They may or may not correctly state the law. On this we express no opinion. Whether right or wrong they are the law of the case. Without disregarding the rules of this court we can reach no other conclusion.

The judgment of the Hancock Circuit Court is therefore affirmed.

NOTE.—Reported in 47 N. E. (2d) 978.