CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY *v.* ALEXANDER

[No. 18,568. Filed March 18, 1955. Rehearing denied May 6, 1955. Transfer denied November 30, 1955.]

*Craig & Craig,* of Brazil, and *Aikman, Piety & Mc-Peak,* of Terre Haute, for appellant.

*Hansford C. Mann, Mann, Stohr & Mann,* of Terre Haute, and *Kenneth C. Miller,* of Brazil, for appellee.

PFAFF, J.—The appellee brought this action for damages against appellant for personal injuries sustained when his automobile was struck by the appellant's steam locomotive at the south edge of Terre Haute, Indiana, where Hulman Street intersects appellant's railroad tracks.

The case was tried on appellee's second amended complaint, alleging:

(a) The defendant corporation operated said passenger train at a high and dangerous rate of speed, 70 miles per hour, at a time and place when said corporation's railroad passenger train was approaching the city limits of the city of Terre Haute, and was within twenty feet of said city limits.

(b) The defendant failed to have electric warning signal lights, which were installed at said railroad crossing, in proper working order in that said lights were not flashing a warning signal to the plaintiff when he entered upon the railroad right of way.

(c) The defendant failed to have said railroad train under control upon entering a highly congested area.

(d) Defendant failed to sound its whistle or bell upon the approach of said crossing.

Appellant filed appropriate answer pursuant to Rule 1-3 of the Supreme Court. Cause was tried by jury with a general verdict in favor of appellee in the sum of $12,000, upon which judgment was rendered accordingly.

The error assigned here is the overruling of appellant's motion for new trial. The specifications of that motion not waived by appellant are as follows:

(1) The verdict of the jury is not sustained by sufficient evidence.

(2) The verdict of the jury is contrary to law.

(3) The damages assessed by the jury are excessive.

(4) The court erred in refusing to give each of the instructions numbered 1, 12, 13, 20 and 21 of the instructions tendered and requested by the defendant. The motion further set forth that the appellant did not intend to abandon, waive or withdraw its motion heretofore filed for judgment in its favor on the answers to interrogatories.

The accident occurred on the 17th day of March, 1941, at approximately 9:30 o'clock in the morning when a north bound passenger train operated by the defendant Corporation struck the automobile of appellee, David G. Alexander, at a point where the defendant's railroad tracks cross Hulman Street near the south edge of the corporate limits of the city of Terre Haute.

The appellee was proceeding in a westerly direction on Hulman Street driving a 1940 Chevrolet sedan delivery truck owned by the Downtown Chevrolet Sales Company. Appellee was well acquainted with the location where the accident occurred, having driven across the tracks on Hulman Street on an average of twice a day for at least four months prior to March 17, 1941.

Plaintiff's Exhibits 1, 2, 3, 4, 5, 6, 7 and 8 consist of charts and photographs which amply describe the location of the tracks, flasher signals, buildings, terrain, and general description of the premises. Both counsel for the appellant and appellee agree that each exhibit is a fair representation of the premises as existed on the 17th day of March, 1941, and each was properly displayed to the jury. It is for them to determine their weight and reliability by the same test used in weighing other evidence.

Appellant contends the court erred in refusing to give Instructions 12, 13, 20 and 21.

Instruction No. 12—"If you find it to be a fact that plaintiff did not see the train at any time

before the collision, then you have a right to take that fact into account in determining whether plaintiff looked as he approached the crossing".

Instruction No. 13—"A person approaching a railroad crossing cannot be heard to say he did not see what was plainly visible by the exercise of reasonable care."

Instruction No. 20—"If you find it to be a fact that it was broad day light at the time the collision occurred and that plaintiff did not see the train, then you have a right to take this fact into account in determining whether plaintiff looked with reasonable care".

Instruction No. 21—"Under the law of Indiana plaintiff cannot be heard to say that he did not see a train toward which he looked when such train was in plain view of plaintiff."

It will be noted that instructions 13 and 21 are mere statements of abstract rules of law without explanation or qualification. The court was not bound to give such instructions and no error can be predicated upon its refusal to do so. *Whiteman* v. *Whiteman* (1898), 152 Ind. 263, 53 N. E. 225; *Snyder* v. *Stanley* (1922), 77 Ind. App. 253, 133 N. E. 512. Instruction 12 was not warranted because the undisputed evidence indicates that the appellee saw the locomotive that struck him when it was from 40 to 45 feet south of the crossing and attempted to stop his automobile but was unable to do so before it was struck. There must be evidence to which an instruction is applicable or it may properly be refused. *Evansville & Terre Haute R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612. Instruction 20 tells the jury, in effect, that the fact it was broad daylight when the appellee was struck is some evidence that he did not look for an approaching train. The fact of its being daylight when the collision occurred, standing alone, is of such meager probative value on the

question of the appellee's conduct in looking for an approaching train that the instruction gives it undue emphasis and it was properly refused. *Danville Trust Co.* v. *Barnett* (1916), 184 Ind. 696, 111 N. E. 429.

The court gave appellant's instructions 16 and 25 which amply covered the appellee's obligation to "look". The subject was instructed upon and we do not believe that the appellant was deprived of any instruction which was harmful upon these issues.

Appellant argues that "it is obvious the jury accepted testimony as against physical facts". Physical facts, to which appellant refers, are such as appear in its photographs and charts introduced in evidence. Photographs and charts, although probably helpful to the jury, are not to be construed as being conclusive to such an extent that evidence in conflict therewith will be ignored.

As to appellant's contention that there is insufficiency of evidence in this case and that the judgment is contrary to law, and the court's refusal to give appellant's tendered peremptory instruction 1, appellant ignores the fact that the manually operated electric signals and bells invited appellee to endeavor to cross the tracks by their failure to work, *Pettibone* v. *Howard* (1941), 218 Ind. 543, 34 N. E. 2d 12, and assumes that the charts, graphs and photographs are conclusive proof that the train was in plain view as appellee approached the railroad crossing. We do not agree with this contention. The verdict was in favor of the appellee and where there is a conflict between photographs, charts, etc., and oral testimony, we are required to accept that which is most favorable to appellee. *Haven* v. *Snyder* (1931), 93 Ind. App. 54, 176 N. E. 149.

The evidence showed that as appellee approached the crossing neither the electric crossing signal nor bells,

operated by an employee of the defendant Corporation in a tower, were operating as the train approached; that the tower man made a habit of not turning on the crossing lights or ringing the bells when he received the warning buzzer, but made a practice of waiting a few seconds; but on the day in question the wind was strong from the north and there was a possibility that the train whistle could not be heard two hundred feet south of the crossing and that the crossing bells could not have been heard in the tower; that the crossing was at a closely built-up business and shop area barely outside of the corporate limits of the city of Terre Haute; that as the train approached the city of Terre Haute it was traveling at a speed of approximately ninety miles per hour, or approximately 132 feet per second, and that the locomotive did not sound its bell. Sec. 55-1243, Burns' 1951 Replacement, requires the sounding of the whistle not less than three times beginning not less than 80 rods from the crossing and the continuous ringing of the engine bell from such point until the engine has fully passed the crossing. The failure to sound such signals is negligence per se. *Bartley* v. *Chicago and Eastern Illinois Railway Company et al.* (1939), 216 Ind. 512, 24 N. E. 2d 405. That appellee approached the crossing at a speed of fifteen to twenty miles per hour and he looked at the crossing signals and observed them not to be working and proceeded across the tracks; that in so doing he looked to the south and to the north; that after doing so and he had applied his brakes the front end of his delivery truck stopped on the tracks, resulting in appellee's injuries.

Under this type of evidence the question of the appellee's contributory negligence was a question for the jury to determine, and, in this case, the jury answered

it in favor of the appellee. The jury having answered, this court cannot substitute its opinion for that of the jury.

The appellee at the time of this accident was twenty-six years of age, a young man in good physical condition, possessing a good nature and personality. There was evidence that he was a hard worker, having worked from twelve to fifteen hours a day and sometimes seven days a week. There was ample evidence as to his injuries and the seriousness thereof; that he did suffer and still suffers great pain; that he had to have medical attention for a year after the accident in which he was advised that surgery was necessary if pain was to be entirely eliminated, but was advised against it, if at all possible. There was evidence that after the accident the appellee was despondent, nervous, unable to sleep; that he blacked out; was forced to give up employment because of his nervous condition; that he was not able to work full time; that he lost thousands of dollars in wages at the Pennsylvania Greyhound Bus Lines. Considering the pain, suffering and medical bills, and the amount of wages lost, $12,000 is not exorbitant. See *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345.

We have examined the assignment of error presented in this case and find no error.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 2d 171.