130 Ind. App. 638 (1960)
165 N.E.2d 382
NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY
v.
MERCANTILE NATIONAL BANK, ADMINISTRATOR, ETC.
No. 19,086.
Court of Appeals of Indiana.
Filed March 14, 1960.
Rehearing denied April 22, 1960.
Transfer denied June 14, 1960.
*641 Batton, Harker, & Rauch, of Marion, Sammons & Sammons, of Kentland, Harker, Irwin, Campbell & Harker, of Frankfort, and Clay Marsteller, of counsel, of Cleveland, Ohio, for appellant.
Rudolph Tanasijevich, Julius H. Sachs, Saul I. Ruman, all of Hammond, J. Edwin Barce, John Barce and Barce & Barce, of Kentland, for appellee.
COOPER, J.
This action was commenced by the filing of a complaint by the plaintiff below, appellee herein, against the defendant below, appellant herein. The case was filed in the Lake Circuit Court and later venued to Newton Circuit Court where the trial was had.
The complaint alleges in substance that on or about the 7th day of September, 1952, plaintiff's decedent, Mary Marie Black, deceased, was riding in an automobile driven by her husband, James Black, in a northerly direction on Calhoun Street in Black Oak, Gary, Indiana, where said public highway intersects the railroad of the appellant; that the locomotive of the appellant was carelessly and negligently operated; that said locomotive, while being so operated, ran into and upon the automobile in which decedent was riding, causing serious injuries to decedent and from which injuries decedent died on September 7, 1952; that said decedent left surviving her husband, James Black.
The pertinent allegations of the complaint charging negligence read as follows:

*642 "4. That notwithstanding its duty in the premises, the defendant through its agents and servants in charge thereof, negligently and carelessly disregarded its duty in one or more of the following respects:
"(a) Defendant negligently and carelessly failed to cause the whistle of its locomotive engine to be blown not less than three times beginning, not less than 80 rods from the said crossing.
"(b) Defendant negligently and carelessly failed to cause the engine bell on its locomotive to be rung continuously beginning not less than 80 rods from said crossing.
"(c) Defendant negligently and carelessly operated and propelled said locomotive engine and caboose at an unreasonable and excessive rate of speed.
"(d) Defendant negligently and carelessly failed to give any signal, notice or warning of the approach of said locomotive engine.
"5. That the defendant further negligently and carelessly disregarded its duty in the premises in one or more of the following particulars:
"(a) Defendant, having knowledge of the fact that persons residing in the neighborhood of said crossing dumped and set fire to large amounts of waste and refuse on defendant's right of way at and near said crossing, negligently and carelessly suffered and permitted said refuse and waste to burn in such a manner that great quantities of smoke therefrom drifted across said crossing and obscured the view of approaching trains by travellers on said public highway, including the driver of the automobile in which the said Mary Marie Black was a passenger.
"(b) Defendant negligently and carelessly allowed an excessive and unreasonable amount of trees, bushes, and other vegetation to grow on its right of way near said crossing so that it obscured the view of its approaching trains *643 by travellers on said public highway, including the driver of the automobile in which the said Mary Marie Black was a passenger."
The appellant filed a motion to strike out clauses (a) and (b) of rhetorical paragraph 5, which motion was overruled. Afterwards, appellant filed a demurrer to clauses (a) and (b) of rhetorical paragraph 5 for the reason that said purported causes of action did not state facts sufficient to constitute a cause of action; the demurrer was overruled.
Subsequently, the appellant filed an answer in two paragraphs, the first denied the material allegations in the complaint, and the second paragraph alleged that the "negligence of James Black proximately contributed to cause the collision referred to in the complaint."
Trial by jury and the jury returned a verdict for plaintiff, appellee herein, in the sum of Six Thousand, Five Hundred ($6,500.00) Dollars, and the court thereafter entered judgment upon said verdict.
Appellant filed a motion for new trial which was overruled, and this appeal was perfected.
The assignment of errors as set forth by the appellant read as follows:
"1. The court erred in overruling defendant's motion to strike out parts of the complaint.
"2. The court erred in overruling defendant's demurrer to the complaint.
"3. The court erred in overruling defendant's motion for a directed verdict filed at the close of all the evidence.
"4. The court erred in overruling defendant's motion for a new trial."
The first assignment of error is that the court erred in overruling defendant's motion to strike out parts of *644 the complaint. The general rule of law applicable to motions to strike out parts of a complaint is: "It is settled that where averments or matter in a pleading are in any way material, they ought not to be struck out on motion, and the recognized test of their materiality is to inquire whether they tend to constitute a cause of action or defense; if they do they are not irrelevant and ought not to be suppressed." Chambers v. The Pennsylvania R. Co. (1950), 120 Ind. App. 342, 345, 92 N.E.2d 559; Atkinson v. Wabash Railroad Company (1895), 143 Ind. 501, 41 N.E. 947, and cases therein cited. Therefore, the trial court did not commit error in overruling the appellant's motion to strike in this cause.
The second assignment of error relied upon is the court's ruling on the appellant's demurrer to clauses (a) and (b) of rhetorical paragraph number five. The demurrer reads as follows:
"The defendant demurs separately and severally to the purported causes of action in the complaint based upon clauses (a) and (b) of rhetorical paragraph 5, and each of said purported causes of action, for the reason that neither of said purported causes of action state facts sufficient to constitute a cause of action for the reasons set out in the memorandum hereto attached."
Sec. 2-1012, Burns' 1946 Replacement, reads as follows:
"The defendant may demur to one or more of the several causes of action alleged in the complaint, and answer as to the residue."
It is the general rule of law that where a complaint alleges separate acts of negligence, the sufficiency of a *645 particular act of negligence can be singled out and a partial demurrer addressed thereto, Pennsylvania R.R. Co. v. Sherron (1952), 230 Ind. 610, 614, 105 N.E.2d 334; and the overruling of which could in a proper case constitute reversible error. See Gavit Indiana Pleading and Practice, Vol. 1, § 133, p. 645; 1 Lowe's Revision of Works' Indiana Practice, § 14.26.
The pertinent question presented by the appellant's demurrer in the trial court was whether the facts alleged show actionable negligence. Actionable negligence consists of a legal duty owing, the failure to perform that duty, and injury resulting therefrom. Harris v. Indiana General Service Co. (1934), 206 Ind. 351, 356, 189 N.E. 410; Pittsburgh, etc., R. Co. v. Foust (1912), 53 Ind. App. 90, 99 N.E. 493; Indiana, etc., Coal Co. v. Neal (1906), 166 Ind. 458, 460, 77 N.E. 850; Faris v. Hoberg et al. (1892), 134 Ind. 269, 274, 33 N.E. 1028.
In determining the correctness of the trial court's ruling on a demurrer, "we are governed by the rule that for the purpose of the demurrer, allegations of complaint will be construed most strongly in favor of the pleadings, as the demurrer admits facts not only directly and specifically alleged in the complaint, but also all facts that can be implied from allegations by reasonable and fair intendment." Ebbeskotte v. Tyler (1957), 127 Ind. App. 433, 439, 142 N.E.2d 905; Lincoln Operating Co. v. Gillis (1953), 232 Ind. 551, 114 N.E.2d 873; Dipert, Admx., etc. v. Killingbeck, et al., etc. (1953) (T.D. 1953), 124 Ind. App. 18, 112 N.E.2d 306.
The appellant claims that his demurrer to the aforesaid clauses (a) and (b) of rhetorical paragraph five should have been sustained by the trial court. The *646 argument in his brief on this contention is a statement of reference to legal decisions and principles of law, with which we feel justified in agreeing, but nowhere in the argument does the appellant apply such legal principles and holdings of the court to the particular allegations of said clauses (a) and (b) of rhetorical paragraph five of the appellee's complaint.
Under our Supreme Court rules, it is incumbent upon the appellant to do more than merely state principles of law and give quotations from cited authorities. The proposals made should be considered and applied to the particular facts at hand so that this court may know definitely and precisely why the appellant considers said allegations to be insufficient in statement of fact.
The appellant does not take up each, or either of these particular charges of negligence and show, by particular reference thereto, wherein the allegations as made fail to charge a duty, as appellant contends. Unless the appellant gives such consideration to the allegations of negligence and sets them forth in its argument portion of his brief, we have no way of knowing exactly in what respect appellant thinks that such allegations fail to state a duty on the part of the appellant, and we would be placed in the position of having to guess or surmise as to exactly what particular proposition of fact the appellant may have in mind relative to the asserted failure of said charges in said complaint to state a cause of action  namely, a duty on the part of the appellant.
It follows, therefore, that the appellant has failed to establish by its brief any error of the court in the overruling of the demurer to said clauses (a) and (b) of rhetorical paragraph five of the appellee's complaint. *647 Ecker v. Fuchs (1959), 129 Ind. App. 555, 159 N.E.2d 134; Rule 2-17, Supreme Court.
The next assigned error that we consider is the overruling of the appellant's motion for a directed verdict at the close of all the evidence. The rule of law now recognized is that a peremptory instruction may be given when there is a total absence of evidence or legitimate inferences in favor of the plaintiff upon an essential issue or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. Our Supreme Court, in the case of Whitaker, Admr. v. Borntrager (1954), 233 Ind. 678, 680, 681, 122 N.E.2d 734, stated:
"When may a trial court properly give the trial jury a peremptory instruction to find for the defendant? The answer seems to be:
"When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. Jackson Hill Coal and Coke Co. v. Bales et al. (1915), 183 Ind. 276, 279, 108 N.E. 692. Blinkard v. Babb (1953), 125 Ind. App. ___, and cases there cited. 112 N.E.2d 876, 878; Gregory v. The C.C.C. and I.R.R. Co., 112 Ind. 385, 388, 14 N.E.2d 228.
"When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed. Jackson Hill Coal and Coke Co. v. Bales et al. (1915), 183 Ind. 276, 280, supra; American Food Co. v. Halstead (1905), 165 Ind. 633, 638, 76 N.E. 251. See also Heath v. Sheetz (1905), 164 Ind. 665, 667, 74 N.E. 505. Slinkard v. Babb (1953), 125 *648 Ind. App ___, and cases there cited; 112 N.E.2d 876, 878, supra.

"In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw against the party requesting such instruction, all inferences which the jury might reasonably draw. Orey v. Mutual Life Insurance Company of New York (1939), 215 Ind. 305, 306, 19 N.E.2d 547; Holtz v. Elgin, etc., Ry. Co. (1951), 121 Ind. App. 175, 98 N.E.2d 245; Chacker v. Marcus (1949), 119 Ind. App. 672, 674, 86 N.E.2d 708, 89 N.E.2d 455; Balzer v. Waring (1911), 176 Ind. 585, 594, 95 N.E. 257, 48 L.R.A., N.S. 834." See also N.Y., Chi. & St. L.R.R. Co. v. Laudenslager (1957), 127 Ind. App. 301, 141 N.E.2d 355.
A concise statement of the pertinent evidence most favorable to the appellee in the record before us is that on Sunday, September 7, 1952, at about 6:20 DST, one James Black and his wife, Mary Marie Black, and their baby, were returning from a mineral spring south of the appellant's railroad crossing on Calhoun Street where Calhoun Street intersects appellant's railroad track and ran in a general northerly and southerly direction; that there were no gates, flashers or other special crossing protection at said intersection; that it was a warm and fair day; that the said James Black was familiar with said railroad crossing; that he came to a stop at said railroad crossing behind a Dodge automobile at said crossing; that he noticed a pile of brush for the first time close to the crossing on the east side of Calhoun Street and that said pile of brush obstructed his view; that there also were high willows, trees and shrubs along said right-of-way and that heavy smoke was blowing over the crossing from a refuse fire on the right-of-way at the crossing; that the dump on the *649 east side of Calhoun started right at the bank of the track on the south and that the view to the east was so obstructed thereby that a person could not see until he was right on the crossing; that after the car in front proceeded across the tracks, Black pulled forward ahead of the brush pile in order to look down the railroad track and stopped for a second time approximately eleven feet south of the crossing The windows of the car were down on both sides; that Black looked to the east and listened and that he noticed his wife was also looking to the east; that Black did not see or hear the train approaching either time he looked and apparently his wife did not either; that he never saw the train before the impact. The train did not sound its whistle or ring its bell and that Black had good hearing; that the smoke was blowing southeast across the crossing and that he looked and listened for any approaching train as he slowly started across the crossing; that the appellant's train approached from the east, hit his right rear bumper and threw the car into the ditch north of the track on the west side of Calhoun Street; that Black's wife died of the injuries received in the collision.
A witness for the appellee testified that she saw the appellant's train which consisted of an engine, coal car and caboose for a short distance as it proceeded west along the tracks of the appellant just before the impact, through her kitchen window. She testified the train was traveling fifty or sixty miles per hour and stopped 200 or 300 yards west of the crossing after the impact, and that the train of the appellant did not ring its bell or sound its whistle. The witness also stated there was brush piled within twenty or twenty-five feet of the south track on the east side of Calhoun and that the right-of-way was used as a dump and that there was grass, willows and weeds of all kinds, all of which obstructed *650 the view of the train for a person looking east and going north on Calhoun. The witness further testified that the defendant's exhibit #1 showed the Calhoun Street crossing after the brush, grass and vegetation had been burned and was not as it appeared upon the date of the accident. She also stated that a driver looking east could not see a train from a point 150 feet south of the crossing on Calhoun Street because of the rubbish pile; that Calhoun Street was a heavily-traveled street.
Another witness for the appellee testified that she did not hear a train whistle or the bell ring and if they had been sounded she would have heard them; that the train traveled 1500 feet before it came to a stop after the collision; that there was smoke from a garbage dump fire blowing across the crossing and that there was a brush-pile approximately ten feet high which prevented a person approaching the crossing from the south and going north in an automobile from seeing down the track until he was right upon the tracks; that the dump pile began within two feet of the tracks and the brush was piled right at the track; that the brush was burning the next day after the accident and the picture was taken the day after that.
Another witness testified that she had been over the crossing from the north to the south about twenty minutes prior to the collision and saw a brush pile approximately ten feet high, trees, tall weeds and shrubbery of all kinds on the east side of Calhoun and also heavy smoke at the crossing coming from a dump right at the tracks on the east side of Calhoun. This witness also testified that the brush pile was burned and the grass and weeds were cut and burned by a railroad section gang the day after the collision. She also testified *651 that a traveler's view was obstructed in approaching the crossing along Calhoun from the south.
The appellant's evidence is that the train which struck the automobile was an extra train; that the right-of-way extended fifty feet south of the track. The appellant's fireman and engineer testified that the train was traveling about forty to forty-two miles per hour and that the whistle was not sounded until the engine was approximately 100 to 125 feet of the crossing. The fireman noticed the cars when they were 200 to 250 feet south of the crossing and the train was approximately 650 feet east of the crossing; that there was only one blast of the whistle; that the engineer applied the brakes five feet from the crossing; that neither the Dodge nor Black's car stopped at or before entering the crossing; that three witnesses testified there was no material obstructions to the view 200 to 250 feet south of the crossing on Calhoun.
In view of this evidence, we cannot say that the trial court erred in refusing to direct a verdict for the appellant. The evidence in the record before us shows there is a conflict in the evidence and under such conflicting evidence the question of negligence, proximate cause and contributory negligence were questions of fact for the jury under the proper instructions from the court. Kempf v. Himsel (1951) (T.D. 1951), 121 Ind. App. 488, 98 N.E.2d 200, and authorities cited therein.
The fourth assigned error is the overruling of appellant's motion for a new trial which avers in substance (1) the verdict is not sustained by sufficient evidence, (2) the verdict is contrary to law, (3) the verdict is not sustained by sufficient evidence and is contrary to law, (4) the trial court erred in overruling defendant's motion for a directed verdict filed at the close of all the *652 evidence, (5) the trial court erred in refusing to give and in giving to the jury certain instructions tendered and requested by the appellant, (6) the trial court erred in giving certain instructions tendered and requested by the plaintiff.
We have heretofore disposed of the appellant's item four of the motion for a new trial. It appears that the verdict of the jury found that the appellant was negligent, which was the proximate cause of the death of the decedent and that James Black was not guilty of contributory negligence by their verdict. The appellant contends that this verdict is not sustained by sufficient evidence and was contrary to law.
It has long been the rule of law that in determining the sufficiency of the evidence we review all of the evidence and in its consideration we accept as true all facts and all proper inferences which the jury might draw from the facts that are calculated to sustain the verdict. This court does not concern itself with conflicts in the evidence or the credibility of the witnesses. Our Supreme Court clearly stated in the case of Gamble v. Lewis (1949), 227 Ind. 455, 460, 85 N.E.2d 629:
"On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the jury would sustain the verdict. Butterfield v. Trittipo (1897), 67 Ind. 338, 342; Indiana Ins. Co. v. Handlon (1940), 216 Ind. 442, 24 N.E.2d 1003."
The appellant herein also contends that the evidence shows that James Black was guilty of negligence as a matter of law. In the case of N.Y. Central Ry. Co. v. *653 Milhiser (1952), 231 Ind. 180, 190, 106 N.E.2d 453, the Supreme Court stated:
"Appellant contends that the evidence shows appellee was guilty of negligence as a matter of law, that contributed to his injuries. The burden of showing contributory negligence was upon appellant. Ordinarily contributory negligence is a question of fact for the determination of the jury and trial court. It is only in cases where the facts are undisputed and but a single inference can be drawn therefrom that this court can say as a matter of law that a course of conduct shown constitutes contributory negligence. Associated Truck Lines v. Velthouse (1949), 227 Ind. 139, 153, 84 N.E.2d 54; Northwestern Transit Inc. v. Wagner (1945), 223 Ind. 447, 453, 61 N.E.2d 591; Schlarb v. Henderson (1936), 211 Ind. 1, 7, 4 N.E.2d 205; Opple et al. v. Ray (1935), 208 Ind. 450, 460, 195 N.E. 91; Grand Trunk, etc., R. Co. v. Cather (1929), 92 Ind. App. 563, 572, 167 N.E. 551."
The conflicting evidence which we heretofore have set out prevents us from saying that James Black was guilty of contributory negligence as a matter of law. The question of James Black's contributory negligence was a question of fact, which was properly submitted to the jury in this cause. Pennsylvania R. Co. v. Sargent, Admrx. (1949) (T.D. 1949), 119 Ind. App. 195, 201, 83 N.E.2d 793, and authorities cited therein.
Appellant's fifth specification in his motion for a new trial is that the court erred in refusing to give certain instructions tendered by the defendant, appellant. The first one assigned is defendant's instruction #11, which was refused by the court. We see no error in refusing this instruction as the negligence of the driver, the husband of decedent and sole *654 beneficiary was covered in defendant's tendered instructions number 4, 5 and 7 which were given by the court.
In the case of Underwood v. Ferguson (1956) (T.D. 1956), 126 Ind. App. 643, 650, 133 N.E.2d 573, this court stated:
"Finally the appellant contends that the court erred in refusing to give the jury two instructions tendered by him which were applicable to the evidence and correct statements of the law. Even so their refusal was not error if the court accurately covered their subject matter in other instructions given."
Instructions given by the court must be considered and construed as a whole with reference to each other and not as isolated and individual instructions. In H.E. McGonigal, Inc. v. Etherington (1948) (T.D. 1948), 118 Ind. App. 622, 636, 79 N.E.2d 777, this court stated:
"The court also gave two instructions tendered by appellant construing and explaining the right-of-way statutes in appellant's instructions numbered 4 and 13.
"Even though instruction numbered 3 tendered by appellee was incomplete, it restated the provisions of the right-of-way statute correctly, and considering it with other instructions given, we do not feel the jury could have been misled.
"We must consider the instructions as a whole, and if when so considered, they fairly inform the jury of the rights and duties of the parties to this action, they are sufficient. Riechmann v. Reasner (1943), 221 Ind. 628, 51 N.E.2d 10; Stinebaugh v. Lucid (1937), 103 Ind. App. 690, 7 N.E.2d 69; Southern Ind. Gas & Elec. v. Storment (1934), 206 Ind. 25, 188 N.E. 313; Yellow Cab Co. v. Kruszynski (1935), 101 Ind. App. 187, 196 N.E. 136; Jones v. Kasper, supra.

"All of the applicable law need not be stated in one instruction. It is sufficient if the instructions, *655 when taken as a whole, fairly state the law applicable to the evidence. Gibson v. Johnson (1938), 106 Ind. App. 103, 14 N.E.2d 337."
Instruction #12 tendered by the defendant, appellant, was refused by the court, but we find no error in refusing to give said instruction as the substance of same was fully covered by the court's instruction #9 which was given.
The appellant contends that the court erred in refusing to give defendant's tendered instruction #13. Defendant's instruction #5 which was given by the court appropriately instructed the jury with reference to the contributory negligence of the decedent and there was no error in refusing to give instruction #13.
It is not error to refuse to give a tendered instruction where the substance of such refused instruction is covered by another or other instructions. In Taylor v. Fitzpatrick (1956), 235 Ind. 238, 248, 132 N.E.2d 919, the court said:
"Sixth: The substance of appellant's tendered instructions numbered 9 and 13 is fully covered by the court's instructions numbered 9 and 12. Hence, the court's refusal to give such tendered instructions was not reversible error. Craig, Extx. v. Citizens Trust Company (1940), 217 Ind. 434, 442, 26 N.E.2d 1006; Gamble v. Lewis (1949), supra, 227 Ind. 455, 465, 85 N.E.2d 629; Hedrick v. State (1951), 229 Ind. 381, 387, 98 N.E.2d 906."
Appellant's tendered instruction #13 was refused by the court. The substance of this instruction is covered by appellant's tendered instruction #14, so no error was committed in refusing to give instruction #15.
We find no error in the court's refusing to give appellant's tendered instructions 19, 20 and 21 as the *656 court's instruction #10, which was given, covers the subject matter in these refused instructions.
Defendant's tendered instructions #24 and #25 deal with buildings, trees, etc., or other obstructions on property of another adjacent to the right-of-way of a railroad company and upon the right-of-way of the defendant, which instructions were refused. There is no evidence in this case that there were buildings, poles and appliances on appellant's right-of-way and any instruction that is not based upon evidence would be erroneous. There is no error in refusing to give an instruction not applicable to the evidence. "If there is no evidence on an issue to support an instruction either direct or by inference, it is not applicable, and should not be given." Koeneman v. Aldridge (1954) (T.D. 1955), 125 Ind. App. 176, 185, point 7, 122 N.E.2d 345; C. & E.I. Railroad Co. v. Alexander (1955) (T.D. 1955), 126 Ind. App. 75, 79, points 1, 2, 3; 125 N.E.2d 171.
Appellant's sixth specification of error in its motion for a new trial is that the court erred in giving to the jury instructions 3, 6, 7, 8, 9, 10, 11, 13 and 16 tendered and requested by appellee. With reference to tendered and given instruction #3, there was no written or oral objection made to the giving of same.
Sec. 1505, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice, p. 229, states:
"No error with respect to the giving of instructions is available as a cause for a new trial or on appeal except upon the specific objections made to the questioned instructions before argument. Rule 1-7, Rules of Supreme Court; Mackey v. Niemeyer (1943), 113 Ind. App. 10, 44 N.E.2d 520; Bradford Homes v. Long (1943), 221 Ind. 309, 47 N.E.2d 609; State v. Coridan (1943), 221 Ind. 404, 47 N.E.2d 978; *657 Lively v. Hanagan Bros., Inc. (1950), 120 Ind. App. 630, 93 N.E.2d 363. If the objections are submitted in writing, they are filed in open court and become a part of the record without a bill of exceptions. If they are made orally, they are taken down by the reporter and may be made a part of the record by a general or a special bill of exceptions. Rule 1-7, Rules of Supreme Court. On review a party will be considered to have waived any objection not made as above provided. Dreweys, Ltd., U.S.A. v. Crippen (1943), 113 Ind. App. 120, 44 N.E.2d 1006; Riechmann v. Reasner (1943), 221 Ind. 628, 51 N.E.2d 10; State v. Coridan (1943), 221 Ind. 404, 47 N.E.2d 978; McGague v. New York, C. & St. L.R. Co. (1947), 225 Ind. 83, 71 N.E.2d 569, rehearing denied 225 Ind. 83, 73 N.E.2d 48."
Since no written or oral objection was made to plaintiff's given instruction #3 and upon the authority here cited, the defendant waived any objection and it was no error to give said instruction.
Appellant contends that the court committed error in giving appellee's instructions 6, 7, 8, 9, 10, 11, 13 and 16 because they failed to include in each that the contributory negligence of James Black, driver and sole beneficiary under the Wrongful Death statute would bar recovery. The general principle of law relating to instructions, as stated in the case of H.E. McGonigal, Inc. v. Etherington, supra, is: "All of the applicable law need not be stated in one instruction. It is sufficient if the instructions, when taken as a whole, fairly state the law applicable to the evidence."
The subject matter of the appellant's objection to each of the foregoing instructions was fully and adequately covered by the appellant's instructions #4 and #5, which were given and read as follows:

*658 "DEFENDANT'S INSTRUCTION 4
"I instruct you that damages cannot be awarded for the benefit of any sole beneficiary whose negligence proximately contributed to cause the collision."
DEFENDANT'S INSTRUCTION 5
"Contributory negligence is any negligence on the part of plaintiff's decedent or James Black, her husband, proximately contributing to cause the injury complained of. Even though you should find that the defendant was negligent in any one or more particulars, yet, if plaintiff's decedent or James Black, her husband, was guilty of contributory negligence, plaintiff cannot recover."
These instructions specifically instructed the jury that no damages could be awarded for the benefit of any sole beneficiary whose negligence proximately contributed to cause the collision. When this instruction is taken and read together with all the other instructions and the same are all taken as a whole, the court did not err in giving the appellee's instructions objected to by the appellant.
The evidence in this case is conflicting, and, when such is the case, it is a question of fact for the jury to determine as to the negligence of the defendant and as to the contributory negligence of the decedent or of the driver of the automobile and sole beneficiary of the decedent.
The jury returned a verdict for the plaintiff which would indicate that the jury determined the defendant guilty of negligence and that neither the decedent nor the driver of the automobile and sole beneficiary was guilty of contributory negligence.
*659 We find no error in the record, and, therefore, this case is affirmed.
Ax, J., Myers, C.J., Ryan, J., concur.
NOTE.  Reported in 165 N.E.2d 382.