## GURCZAK v. HUTTER.

[No. 19,518. Filed March 12, 1963. Rehearing denied April 16, 1963. Transfer denied with opinion May 25, 1964, reported in 198 N. E. 2d 610.]

*William E. Mills,* of South Bend, and *Chipman & Chipman,* of Plymouth, for appellant.

*David L. Matthews, George T. Patton* and *Robert L. Stephan,* all of South Bend, for appellee.

CLEMENTS, J.—This is an appeal from a judgment of the Marshall Circuit Court. The plaintiff-appellee, Dorothy Hutter, brought a suit against defendant-appellant, Joseph Gurczak, to recover damages for personal injuries. Trial was by jury resulting in a verdict and judgment in favor of appellee in the amount of $7,500. Appellant filed motion for new trial which was overruled, and the overruling of his motion for new trial is assigned as the sole error in this court.

The complaint alleges that on October 5, 1958, at about 5:45 P.M. plaintiff-appellee was in a Buick automobile on Darden Road approaching an intersection with Hollyhock Road, in St. Joseph County, South Bend, Indiana, and that defendant-appellant was operating a Studebaker automobile on Darden Road approaching such intersection and to the rear of the Buick automobile in which the plaintiff-appellee was riding, and that the defendant-appellant carelessly and negligently drove his automobile into the rear of the automobile in which the plaintiff-appellee was riding, injuring her.

The complaint alleges further that the defendant-appellant was careless and negligent in these particulars: (a) failed to have his automobile under control

(b) failed to apply his brakes in time to avoid striking plaintiff-appellee's automobile (c) operated his automobile at excessive speed (d) defendant-appellant was operating his automobile while under the infuence of intoxicating beverages (e) failed to yield right-of-way and (f) failed to maintain a proper lookout.

To this complaint appellant answered in two paragraphs. The first paragraph of answer states that appellant is without information as to rhetorical paragraphs 1 and 2, and denying the remaining paragraphs excepting that he admits that a collision occurred. The second paragraph of answer alleges that any damages sustained by plaintiff-appellee was the result of a joint venture or enterprise with herself and Roscoe A. Claxton, the operator of the automobile in which she was riding, and that Claxton was guilty of the negligence and carelessness that caused her injuries.

The causes assigned are contained in the motion for new trial filed by appellant and are as follows:

1. The verdict of the jury is not sustained by sufficient evidence.
2. The verdict of the jury is contrary to law.
3. Error of law occurring at the trial consisting of the court's ruling on the admission of evidence and giving and refusing instructions set out in the motion.
4. Error in the assessment of the amount of recovery as being too large.
5. The damages are excessive.
6. The court erred in refusing to give the jury certain instructions tendered by defendant-appellant.

Appellee testified that she was a passenger, sitting by the driver, Roscoe A. Claxton; that at the intersection of Darden Road and Hollyhock Road the automo-

bile in which she was riding was stopped "for a stop sign" and was struck "from the rear" and "knocked across the intersection." Prior to the accident appellee and Claxton had been to a funeral home in South Bend, then stopped at a tavern, she stayed in the automobile and he went in. When Claxton came back to the automobile they went south on 31 to the Dixie Highway, then to the intersection of Darden Road and Hollyhock Road where they had stopped at a stop sign at the time of the collision. The impact knocked her "backwards and forwards in the seat" injuring her. The pictures of the automobiles involved and introduced in evidence would indicate to the jury that a great deal of force accompanied the collision.

Four doctors testified for appellee. A fifth doctor appointed by the court to examine appellee, was called to testify by the appellant. On January 9, 1960 (15 months after the date of the accident), appellee was examined by the court-appointed doctor who testified, on direct examination, that "[t]here was a moderate amount of pain on straight leg raising but there was no limit of the amount that she could raise" and that "[s]he did complain of some pain with flexion of the neck." Appellee's injury was described as "whiplash" and, at the time of the trial, appellee was suffering a ten percent physical disability.

Appellant-Gurczak stated that prior to the accident he was at a tavern called "State Line" and testified, "I had four bottles of beer, that's all. Maybe not that much," and that he left the "State Line" with Frances (his step-daughter) in his automobile, going back to South Bend. Appellant further testified that he was proceeding east on Darden Road and stated, "All I

remember is that I hit something and I was knocked out, and I don't remember nothing."

A witness at the scene of the accident, Dallas Virgil, testified that, "When I bent down to loosen his tie, I could smell liquor on his [appellant] breath."

Another witness, Richard Copeland, a police officer, testified that he thought appellant "was definitely under the influence of intoxicating liquor."

There is no dispute as to the facts of this collision. Appellee was sitting in a Buick automobile stopped at a stop sign. Appellant testified that before the "rear end" collision he saw no lights in front of him, did not apply his brakes, did not see the automobile in front of him, and did not see the stop sign at the intersection. There is no evidence that appellee, or her driver, did, or failed to do, anything that contributed to her injury. There is no evidence to show that the "rear end" collision was a pure accident and appellant was free of any actionable negligence; appellant admits he had been drinking.

Evidence of the essential elements necessary to show joint enterprise or venture are not in the record before us. *Baltimore & Ohio R. Co.* v. *Patrick, Admtrx.* (1960), 131 Ind. App. 105, 118, 166 N. E. 2d 654, (Trans. Denied); *Burks* v. *Walters* (1957), 127 Ind. App. 358, 365-366, 141 N. E. 2d 872.

The instructions tendered by defendant-appellant on these defenses were properly refused by the court. Instructions must be confined to the issues and the evidence and instructions inapplicable to the evidence are properly refused. See: *N. Y., C. & St. L. R. Co.* v. *Merc. Natl. Bk.* (1960), 130 Ind. App. 638, 656, 165 N. E. 2d 382, (Trans. Denied); *C. & E. I. Railroad Co.* v. *Alexander* (1955), 126 Ind. App. 75, 79,

125 N. E. 2d 171, (Trans. Denied); *Koeneman* v. *Aldridge* (1955), 125 Ind. App. 176, 185, 122 N. E. 2d 345, (Trans. Denied).

There were two of the court's instructions given together with one tendered by the defendant-appellant, and one tendered by the plaintiff-appellee, informing the jury that the plaintiff-appellee could not recover in the event she were guilty of contributory negligence. This should be sufficient instruction on this subject. *N. Y., C. & St. L. R. Co.* v. *Merc. Natl. Bk., supra* at pages 653-654 of 130 Ind. App.; *Underwood* v. *Ferguson* (1956), 126 Ind. App. 643, 650, 133 N. E. 2d 573, (Trans. Denied).

From the evidence in this case we cannot say that the damages fixed by the jury were excessive.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Cooper, C. J., Carson and Ryan, JJ., concur.

NOTE.—Reported in 188 N. E. 2d 549. Transfer denied 198 N. E. 2d 610.