**Lester BRUBECK, Plaintiff-Appellee,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellant.**

No. 14842.

United States Court of Appeals
Seventh Circuit.

May 26, 1965.

---

Richard O. Creedon, Edward B. Raub, Jr., Indianapolis, Ind., White, Raub, Reis & Wick, Indianapolis, Ind., of counsel, for appellant.

Thomas H. Hicks, Terre Haute, Ind., Mann, Mann, Chaney, Johnson & Hicks, Terre Haute, Ind., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Lester Brubeck, brought this action to recover damages for personal injuries, loss of his automobile, and loss of his wife's services, resulting from a collision between his automobile and defendant's locomotive due to defendant's alleged negligent operation of its locomotive.

Defendant appeals from judgment for plaintiff, relying on errors allegedly made in the District Court's rulings on evidence, failure to grant motion for a trial by jury, failure to make findings in favor of defendant, and making findings contrary to the physical evidence.

On the morning of January 16, 1962, plaintiff was driving his automobile, with his wife as a passenger, at about 25 miles per hour, south bound

on the Rosedale-Rockville Road, a rural highway in Parke County, Indiana, toward the intersection of that highway with the railroad tracks owned and maintained by defendant. The road was covered with ice and snow and was in a slippery condition. Defendant's locomotive was proceeding in a northeasterly direction toward the same intersection at about the same speed. These facts are not contested.

Plaintiff testified, and the District Court found, that he looked in both directions along the tracks as far as he was able to see as he approached the crossing.

There was a conflict in the testimony as to whether the train crew did or did not give audible warning of the approach of the train as required by Burns' Indiana Annotated Statutes, § 55–1243. The District Court found that such warning was not given.

The District Judge concluded that negligence in failing to give audible warning of the approach of the train was the proximate cause of the injury and damage suffered by plaintiff who was found to have been at all times in the exercise of reasonable care for his own safety.

Plaintiff testified that his view to the southwest was obscured by snow covered weeds and brush and a hanging tree limb, and that the locomotive itself was covered with snow and showed no headlight, so that its visibility was severely limited.

The fireman of the train said that the headlight was on and that the locomotive was not covered with snow.

The District Court specifically found that when plaintiff was able to see the approach of the train, he was unable through reasonable care to avoid the collision, the impact being between the right front of the engine and the right rear fender of plaintiff's automobile.

Plaintiff stated that he thought he would have been able to stop if the road had been dry. Defendant argues from this that the icy condition of the road was the sole proximate cause of the accident. It is clear however, that plaintiff would have had ample space to stop his automobile and avoid the collision had he received the statutory audible warning of the train's approach when it was a quarter of a mile away from the crossing. Hart v. Wabash R. Co., 7 Cir., 1949, 177 F.2d 492, 494, on which defendant relies is distinguished by the fact that the driver of the automobile in Hart saw the approaching train and applied his brakes but nevertheless skidded forward onto the railroad crossing. Plaintiff here testified that he did not see the locomotive because of the snow covered weeds and brush and the snow on the locomotive until both his automobile and the train were about 20 to 25 feet from the intersection. As it was, he nearly succeeded in getting his automobile across the tracks ahead of the train. See Colas v. Grzegorek, 7 Cir., 1953, 207 F.2d 705, 710, where this Court said:

"In order for the accident to be solely attributable to the icy condition of the highway, it must be evident that the accident would in some manner have happened because of the ice even if Grzegorek or Waltz had not been negligent. [citing cases] That is obviously not the situation here."

As indicated, there was a conflict in the testimony about the whistle. Plaintiff and his wife testified that there were no whistles until after the impact. They both said that ordinarily they could hear the train whistles as far as their own home about one and one-half miles from this intersection.

The defendant stresses the fact that plaintiff's own witness, Brownie Loden, testified to hearing the train whistle before he arrived at the scene of the accident. He did say that he was familiar with the train whistles which he easily heard in his home about one and one-half miles from the intersection and that the train whistles he heard on this occasion were out of the ordinary and peculiar. Another of plaintiff's witnesses, Lee Cuthbertson, who was about a block away from the crossing said that he heard one long whistle. This was not inconsistent with the testimony of the plaintiff who

said that the train whistles blew after the impact and that they were longer and "more severe" than those he customarily heard when the train went through.

Defendant's witnesses, the engineer and the fireman of the locomotive, both testified that the bell, horn, and whistle were sounded before the impact. The fireman said they were turned off afterward.

Another of defendant's witnesses, Charles Elmer Washam, who lives 300 to 400 feet south of the crossing, testified to hearing the train whistle for a crossing 200 feet south, three blasts for this crossing, then a dull thud, and the whistle continuing to blow.

There is a similar conflict of evidence as to visibility. Track patrolman Hubert Wiser saw the crossing several days before the accident and on the day following it. He observed no weeds four feet high such as described by the plaintiff and knew of no cutting of weeds.

█ Defendant places great reliance on photographs which show considerably greater visibility than plaintiff describes and which do not show the four-foot high weeds and brush to which plaintiff refers. Although plaintiff testified that these photographs did show the locations of highway and railroad, he also said that the actual condition of the weeds and underbrush was not accurately reflected in the pictures, not even in those taken later in the afternoon of the same day as the accident. He testified at one point that there was snow on the bushes and weeds although the sun was starting to come out on the morning of the accident. In viewing one picture he said that the location of the brush appeared different from its actual condition. He noted that there had been a hanging tree limb that was missing in the picture and that everything had been built up higher with frost and snow. In oral argument, counsel for defendant commented that frost ought to have weighed the weeds and brush down, improving visibility. Nevertheless, it was a question of fact for the District Court whether, as plaintiff testified, the weeds and brush had been laden with piled up snow which had melted by late afternoon. Photographs are no more conclusive evidence than the testimony of witnesses. The trier of the facts must weigh them along with other evidence of the physical facts. Chicago & Eastern Illinois R. R. Co. v. Alexander, 1955, 126 Ind.App. 75, 80, 125 N.E.2d 171, 173–174; Haven v. Snyder, 1931, 93 Ind.App. 54, 63, 176 N.E. 149, 152.

It was the function of the District Court to resolve these conflicts and to determine when a reasonable man in plaintiff's situation would see the train.

█ On this record we can hardly conclude that the findings of the Trial Judge who heard and saw the witnesses are "clearly erroneous." Federal Rules of Civil Procedure, 52(a); Moths v. United States, 7 Cir., 1950, 179 F.2d 824, 827; Sirius Star v. Sturgeon Bay Shipbuild., etc., 7 Cir., 1952, 196 F.2d 479, 481.

State Police Officer Richard Finney testified that in the course of his investigation of the accident he interviewed someone, not the engineer or fireman, who identified himself as a member of the 5-man train crew. An objection was raised based on Officer Finney's inability to name the crew member, but the Court overruled that objection as going to weight and credibility of the evidence not admissibility. Officer Finney then testified that the unnamed crew member admitted that he did not hear a whistle blown for the crossing.

██ Defendant now contends that evidence of what members of the train crew may have said or done after the accident is not admissible against the defendant railroad, which was not the point of the defendant's objection at the trial. Ellis v. Haines, 1963, 134 Ind.App. 528, 536, 188 N.E.2d 835. We will assume that the Trial Court relied only on proper evidence in the absence of a clear showing to the contrary. Rowe v. Gatke Corp., 7 Cir., 1942, 126 F.2d 61, 67. In any event, admission in evidence of this statement against interest was merely cumulative, there being adequate competent evidence to support the findings, and at worst we deem it harmless error.

242

■ With leave of Court, defendant filed its answer, long in default, on the morning of trial and followed that with an oral motion for jury trial. Although, thanks to the Trial Judge's allowance of the late filing of answer, defendant was in the position of requesting a trial by jury within ten days from the date of its answer to the complaint, pursuant to Federal Rules of Civil Procedure, 38(b) and 39(b), the motion was not in writing as required by Rule 38(b).

By pretrial order published about two months earlier, the Trial Court announced that the cases of plaintiff and his wife would be consolidated for trial. No request for jury had been filed in plaintiff's case.

We do not consider the Trial Court's denial of defendant's oral motion for jury trial as amounting to an abuse of discretion which violated a Constitutional right of the defendant.

The judgment of the District Court is affirmed.

Affirmed.