**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 28 2014, 11:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHET ZAWALICH**
The Law Office of Chet Zawalich
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**JOHN H. HALSTEAD**
Kightlinger & Gray, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ELEANOR L. MITCHELL, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1306-CT-226 |
| | ) | |
| RIH ACQUISITIONS IN, LLC, | ) | |
| d/b/a RESORTS EAST CHICAGO, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-0801-CT-25

**January 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On May 29, 2006, Appellant-Plaintiff Eleanor Mitchell visited RIH Acquisitions IN, LLC, d/b/a Resorts East Chicago ("RIH") with her friend Teresa Duck. As Mitchell and Duck were leaving RIH, Mitchell fell and hit her right knee and elbow as she approached the passenger side of Duck's vehicle, which was parked on the second floor of the RIH parking garage. Mitchell claimed that a hole in the concrete caused her fall. After her fall, Mitchell complained of right knee pain. Mitchell subsequently brought suit against RIH, alleging that RIH violated its duty to her and, therefore, should be liable for the costs associated with the injury to her right knee.

During a jury trial on Mitchell's claims against RIH, both Mitchell and Duck testified that Mitchell fell when she stepped in a hole in the parking garage. The jury also heard testimony, however, from Mitchell, Mitchell's husband, and the RIH risk manager that when Mitchell and her husband later returned to RIH and inspected the parking garage with the RIH risk manager, they did not find any holes in the concrete where Mitchell claimed to have fallen or evidence that any holes had been filled. Following a jury trial, the jury determined that RIH was not at fault, and therefore not liable for Mitchell's claimed injuries. Mitchell appeals, arguing that the jury's verdict should be reversed as it is not supported by sufficient evidence. Concluding that the jury's verdict is supported by sufficient evidence, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 29, 2006, Mitchell and Duck visited RIH for the purpose of gambling in the casino. Duck drove herself and Mitchell to RIH and parked her vehicle on the second floor

of the five-story RIH parking garage. After gambling for approximately two hours, Mitchell and Duck returned to Duck's vehicle to leave. As Mitchell approached the passenger side of Duck's vehicle, Mitchell fell and hit her right knee and elbow on the concrete. Mitchell claimed that she fell after stepping in a hole in the concrete that was about the size of a man's fist or a baseball. Mitchell and Duck spoke to an RIH employee before leaving, but could not provide a definite location of Mitchell's fall.

Nine days later, on June 7, 2006, Mitchell returned to RIH with her husband and spoke with RIH's risk manager, Sebastian Puntillo. Mitchell, her husband, and Puntillo went to the second floor of the garage, and Mitchell identified the exact location where she had fallen. Mitchell was 100 percent certain that they were in the correct location. There was no hole in the concrete at this location or evidence that a hole had been filled. At Puntillo's insistence, they went to look for holes on other floors of the parking garage and found none.

Following her alleged fall, Mitchell complained of right knee pain. As a result of her claimed knee pain, Mitchell filed suit against RIH on or about January 28, 2008. On January 13, 2009, Mitchell filed her first amended complaint against RIH, alleging that RIH had violated the duty it owed to her and, as a result, should be liable for the costs associated with her knee injury.

On May 21, 2013, the trial court conducted a jury trial during which Mitchell and Duck testified that Mitchell fell after stepping in a hole in the concrete on the second floor of the RIH parking garage. Mitchell, Mitchell's husband, and Puntillo also testified that when Mitchell later identified the location of her fall, there was no hole in the concrete or evidence

3

that a hole had ever been filled. Mitchell claimed that the concrete slab looked new and must have been replaced. Puntillo outlined the major construction that would be necessary to replace the concrete slab on the second floor of the parking garage and testified that the slab had not been replaced since the date of Mitchell's fall. The jury also heard evidence that at the time of her fall, Mitchell suffered from a history of dizziness and vertigo and had been diagnosed with Meniere's disease.[1] In addition, the jury heard evidence that on the date of her fall, Mitchell did not appear to be taking any medication to treat her condition but began doing so approximately ten days later.

Following the conclusion of the parties' presentation of evidence, the jury returned a verdict in favor or RIH, and the trial court entered judgment for RIH. Mitchell now appeals.

## DISCUSSION AND DECISION

"It has long been the rule of law that in determining the sufficiency of the evidence we review all of the evidence and in its consideration we accept as true all facts and all proper inferences which the jury might draw from the facts that are calculated to sustain the verdict." *N.Y., C. & St. L. R. Co. v. Mercantile Nat'l Bank of Hammond*, 130 Ind. App. 638, 652, 165 N.E.2d 382, 389 (1960); *see also Midwest Oil Co. v. Storey*, 134 Ind. App. 137, 150, 178 N.E.2d 468, 474 (1961). "This court does not concern itself with conflicts in the evidence or the credibility of the witnesses." *Bank of Hammond*, 130 Ind. App. at 652, 165 N.E.2d at 389; *see also Storey*, 134 Ind. App. at 150, 178 N.E.2d at 474. When the sufficiency of the evidence is questioned on appeal, "we do not weigh the evidence, but we

---

[1] Meniere's disease is increased pressure in the inner ear that can cause balance issues and hearing loss.

4

examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the jury would sustain the verdict." *Bank of Hammond*, 130 Ind. App. at 652, 165 N.E.2d at 390 (citing *Butterfield v. Trittipo*, 67 Ind. 338, 342 (1897); *Ind. Ins. Co. v. Handlon*, 216 Ind. 442, 446, 24 N.E.2d 1003, 1005 (1940)).

In the instant matter, the jury heard testimony that on May 29, 2006, Mitchell fell when she stepped in a hole in the concrete that was about the size of a man's fist or a baseball. The jury also heard testimony that when Mitchell later went with her husband and Puntillo to the spot where she was 100 percent positive that she fell, there was no hole and no evidence that a hole had been filled. Mitchell claimed that this was because the concrete slab appeared to be new. Puntillo outlined the major construction that would be necessary to replace the concrete slab and testified that the concrete slab had not been replaced since May 29, 2006. In addition, the jury heard evidence that prior to May 29, 2006, Mitchell suffered from dizziness and vertigo and had been diagnosed with Meniere's disease. These conditions appeared to be untreated on May 29, 2006.

Upon review, we conclude that the above-stated facts are sufficient to support the jury's determination that RIH was not responsible for Mitchell's fall and therefore should not be held liable for the costs associated with her claimed injury. Mitchell's claims on appeal essentially amount to a request for this court to reweigh the evidence, which we will not do. *See Bank of Hammond*, 130 Ind. App. at 652, 165 N.E.2d at 390; *Handlon*, 216 Ind. at 446, 24 N.E. 2d at 1005; *Butterfield*, 67 Ind. at 342. As such, we affirm the judgment of the trial

5

court.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.